[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
March 15, 2006
THOMAS  K. KAHN
CLERK

_____

No. 05-13249
Non-Argument Calendar

_____

Agency No. A78-743-306

BABAR JAVAID,

                                                            Petitioner,

versus

U.S. ATTORNEY GENERAL,

                                                            Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(March 15, 2006)**

Before TJOFLAT, DUBINA and PRYOR, Circuit Judges.

PER CURIAM:

Petitioner Babar Javaid a native and citizen of Pakistan, proceeding *pro se*,

petitions this court for review of the final order of the Board of Immigration Appeals ("BIA") affirming the immigration judge's ("IJ") removal order; dismissal of his asylum application as untimely; denial of withholding of removal under the Immigration and Naturalization Act ("INA"), 8 U.S.C. §§ 1158, 1231, INA §§ 208, 241; denial of relief under the United Nations Convention Against Torture, etc. ("CAT"), 8 C.F.R. § 208.16(c); and denial of his request for voluntary departure.

In August 2003, Javaid, with the assistance of counsel, filed an Application for Asylum and Withholding of Removal under the INA and the CAT. Javaid alleged that he was seeking asylum or withholding of removal based on political opinion because he was a supporter of Pakistani Prime Minister Nawaz Sharif, and he was a member of the Pakistan Muslim League ("PML"). Javaid also feared that his family would be targeted for persecution because his son is a United States citizen.

The IJ found Javaid removable and found that (1) Javaid did not file his application for asylum within one year after his March 1999 arrival in the United States; (2) the asylum application's untimeliness was not excusable because of changed or extraordinary circumstances; (3) even had Javaid's application been timely filed, he was not credible and could not meet the burden of proof for asylum; (4) Javaid did not make the showing required for withholding of removal

2

or relief under the CAT; and (5) Javaid did not meet the statutory requirements to qualify for voluntary departure because he did not prove that he had the financial ability to leave the United States.

We "review only the [BIA]'s decision, except to the extent that it expressly adopts the IJ's opinion." *Huang v. U.S. Att'y Gen.*, 429 F.3d 1002, 1008 (11th Cir. 2005). We review the IJ's legal determinations *de novo*. *D-Muhumed v. U.S. Att'y Gen.*, 388 F.3d 814, 817 (11th Cir. 2004). However, we examine factual findings, including determinations of credibility, under the substantial evidence test. *Forgue v. U.S. Att'y Gen.*, 401 F.3d 1282, 1286 (11th Cir. 2005). Under the substantial evidence test, we will "affirm the IJ's decision if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Id.* (quotation omitted). "To reverse the IJ's fact findings, we must find that the record not only supports reversal, but compels it." *Mendoza v. U.S. Att'y Gen.*, 327 F.3d 1283, 1287 (11th Cir. 2003) (withholding of removal claim). That evidence in the record may support a contrary conclusion is not enough to justify a reversal. *Adefemi v. Ashcroft*, 386 F.3d 1022, 1027 (11th Cir. 2004), *cert. denied* 125 S.Ct. 2245 (2005).

We review our own subject-matter jurisdiction *de novo*. *Ortega v. U.S. Att'y Gen.*, 416 F.3d 1348, 1350 (11th Cir. 2005) (citing *Brooks v. Ashcroft*, 283 F.3d

3

1268, 1272 (11th Cir. 2002)). We give *pro se* litigants more freedom during their legal proceedings than is generally given to litigants proceeding with counsel. *See Lorisme v. INS*, 129 F.3d 1441, 1444 n.3 (11th Cir. 1997) (liberally construing the *pro se* brief of an illiterate, non-English speaking individual and rejecting the INS's contention that the appellant abandoned an issue in his petition for review when he adopted a BIA member's dissent as his appellate argument). However, "[a] court may review a final order of removal only if . . . the alien has exhausted all administrative remedies available to the alien as a matter of right." INA § 242(d)(1), 8 U.S.C. § 1252(d)(1). The exhaustion requirement is jurisdictional and precludes review of a claim that was not presented to the BIA. *Fernandez-Bernal v. U.S. Att'y Gen.*, 257 F.3d 1304, 1317 n.13 (11th Cir. 2001).

On appeal, Javaid argues that the IJ erred in finding that the untimely filing of his asylum application was not excused because he had shown the existence of extraordinary or changed circumstances, regarding (1) the ineffective assistance he received from his first attorney, who failed to file an asylum application as requested; and (2) the 1999 overthrow of Sharif by General Musharraf. Javaid asserts that he has shown that he qualified for asylum because he has a well-founded fear of persecution and harassment from gangs who target families like his that have American ties.

4

An alien can apply for asylum if he "demonstrates by clear and convincing evidence that the application has been filed within [one] year after the date of [his] arrival in the United States." INA § 208(a)(2)(B), 8 U.S.C. § 1158(a)(2)(B). However, the Attorney General can accept an otherwise untimely application if the alien demonstrates (1) "the existence of changed circumstances which materially affect the applicant's eligibility for asylum," or (2) "extraordinary circumstances relating to the delay in filing an application within the period specified . . . ." INA § 208(a)(2)(D), 8 U.S.C. § 1158(a)(2)(D). This decision is entirely up to the Attorney General, however, as "no court shall have jurisdiction to review any determination of the Attorney General [as to timeliness or the existence of changed or extraordinary circumstances under section 208(a)(2)(D)]." INA § 208(a)(3), 8 U.S.C. § 1158(a)(3)). We have held that this provision "divests our Court of jurisdiction to review a decision regarding whether an alien complied with the one-year time limit or established [changed or] extraordinary circumstances that would excuse his untimely filing." *Mendoza*, 327 F.3d at 1287. Further, we recently held that the REAL ID Act does not change this conclusion. *See Chacon-Botero v. U.S. Att'y Gen.*, 427 F.3d 954, 957 (11th Cir. 2005).

As an initial matter, we observe from the record that Javaid did not challenge the IJ's finding that his asylum application was untimely in his direct appeal before

5

the BIA. We do not accord him leniency in that proceeding because he was represented by counsel at the time. *Lorisme*, 129 F.3d at 1444 n.3. Therefore, because Javaid did not exhaust his administrative remedy by bringing the issue before the BIA, we lack jurisdiction to address the issue. *Fernandez-Bernal*, 257 F.3d at 1317 n.13. Nevertheless, even assuming Javaid had raised the issue of his application's timeliness before the BIA, we lack jurisdiction to consider those claims and dismiss his petition with regard to his asylum application. INA § 208(a)(3), 8 U.S.C. § 1158(a)(3); *Chacon-Botero*, 427 F.3d at 957.

Next, Javaid argues that the IJ's determination that he did not qualify for withholding of removal was based on an error of law and should be reversed. He also contends that the IJ erred in finding that he did not have a reasonable fear of being tortured should he return to Pakistan.

Regarding withholding of removal, an alien shall not be removed to a country if his life or freedom would be threatened in such country on account of, *inter alia*, political opinion. *See* INA § 241(b)(3), 8 U.S.C. § 1231(b)(3). A showing of past persecution creates a rebuttable presumption that an alien's "life or freedom" would again be threatened upon removal to the proposed country. *Antipova v. U.S. Att'y Gen.*, 392 F.3d 1259, 1264 (11th Cir. 2004). However, when the alien has not actually suffered past persecution, he bears the burden of

establishing that it is "more likely than not" that he would suffer persecution upon removal. *Id.*; 8 C.F.R. §§ 208.16(b)(1)(iii), 208.16(b)(2). Moreover, we have held that "persecution is an extreme concept, requiring more than a few isolated incidents of verbal harassment or intimidation, and that mere harassment does not amount to persecution." *Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1231 (11th Cir. 2005) (quotations omitted). Finally, "[a]n alien cannot demonstrate that he more-likely-than-not would be persecuted on a protected ground if the IJ finds that the alien could avoid a future threat by relocating to another part of his country." *Mendoza*, 327 F.3d at 1287; 8 C.F.R. § 208.16(b)(2).

An adverse credibility determination alone may be fatal to an application. *Forgue*, 401 F.3d at 1287. Before addressing whether substantial evidence supports an adverse credibility determination, we first must determine whether the IJ even made an adverse credibility determination. *Yang v. U.S. Att'y Gen.*, 418 F.3d 1198, 1201 (11th Cir. 2005). If the IJ makes an adverse credibility finding, then the IJ must provide specific, cogent reasons for doing so or the finding must be based on substantial evidence. *Forgue*, 401 F.3d at 1287. An adverse credibility finding must go to the heart of the applicant's claim and not be based on minor inconsistencies or omissions. *See, e.g.*, *Chebchoub v. INS*, 257 F.3d 1038, 1043 (9th Cir. 2001) (persuasive authority). "If . . . the applicant produces other

7

evidence of persecution [apart from his own testimony], . . . the IJ must consider that evidence, and it is not sufficient for the IJ to rely solely on an adverse credibility determination in those instances." *Forgue*, 401 F.3d at 1287.  After an adverse credibility finding is made, the applicant bears the burden of showing this decision was not supported by specific, cogent reasons or was not based on substantial evidence. *Id.*

To obtain withholding of removal under the CAT, the burden is on the applicant to establish that it is "more likely than not" he will be tortured in the country of removal.  8 C.F.R. § 208.16(c)(2).  The IJ must consider all evidence relevant to the possibility of future torture, including evidence that the applicant could relocate to a part of the country where he is not likely to be tortured. *See id.* § 208.16(c)(3).  The burden of proof for an applicant for withholding of removal under the CAT, as with the applicant under the INA, is higher than the burden imposed on an asylum applicant. *Al Najjar v. Ashcroft*, 257 F.3d 1262, 1303 (11th Cir. 2001).

Liberally construing Javaid's brief on appeal, he raises the issues of withholding of removal under both the INA and the CAT. *See Lorisme*, 129 F.3d at 1444 n.3.  As to his challenge concerning his qualification for withholding of removal under the INA, there is substantial evidence to support the IJ's

determinations both as to Javaid's lack of credibility and his failure to establish a clear probability that he would be persecuted should he return to Pakistan. *Forgue*, 401 F.3d at 1287; *Mendoza*, 327 F.3d at 1287. Javaid testified that his family remained in Pakistan when he traveled to England in 1996, and some of his children remain there. Although he claims that his son is in hiding, Javaid has maintained contact with him and did not testify that his son had been persecuted while continuing to live in Pakistan. Furthermore, the U.K. Report submitted by the government during the administrative proceedings stated that internal relocation is a viable option for individuals attempting to escape political persecution. *Mendoza*, 327 F.3d at 1287; 8 C.F.R. § 208.16(b)(2). Finally, it does not seem that lower ranking PML officials are subject to persecution in Pakistan, and some PML candidates were supported in the election that followed the regime change. Therefore, it seems unlikely that Javaid would experience persecution based on his political opinion should he return to Pakistan. *Antipova*, 392 F.3d at 1264. Accordingly, we deny his petition with regard to his claim for withholding of removal under the INA.

On appeal before the BIA, Javaid did not challenge the IJ's finding that he did not meet the qualifications for relief under the CAT, which precludes us from addressing that issue on appeal. *Fernandez-Bernal*, 257 F.3d at 1317 n.13.

9

Accordingly, we dismiss Javaid's petition as to his claims for CAT relief.

Finally, Javaid argues that the IJ should have given him at least 120 days to attempt to acquire funds to voluntarily depart the United States, and he asserts that it was an abuse of discretion on the part of the IJ to deny his request after he stated he could leave if he had more time to collect the necessary money.

"No court shall have jurisdiction over an appeal from denial of a request for an order of voluntary departure . . . nor shall any court order a stay of an alien's removal pending consideration of any claim with respect to voluntary departure." INA § 240B(f), 8 U.S.C. § 1229c(f); see also INA § 242(a)(2)(B), 8 U.S.C. § 1252(a)(2)(B) (as amended by the REAL ID Act §§ 101(f) and 106(a)). However, while a discretionary decision such as a decision to grant voluntary departure is not reviewable, we may still review "non-discretionary legal decisions that pertain to statutory eligibility for discretionary relief." *Gonzalez-Oropeza v. U.S. Att'y Gen.*, 321 F.3d 1331, 1332 (11th Cir. 2003). Additionally, the REAL ID Act provides that nothing "which limits or eliminates judicial review, shall be construed as precluding review of constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals in accordance with this section." 8 U.S.C. § 1252(a)(2)(D) (as amended by the REAL ID Act § 106(a)). Thus, even when a jurisdiction-stripping provision is implicated, we

retain jurisdiction over constitutional questions and "questions of law" raised in a petition for review. *Gonzalez-Oropeza*, 321 F.3d at 1333.

An alien requesting voluntary departure from an IJ prior to completion of the removal proceedings must "make [] [the] request prior to or at the master calendar hearing at which the case is initially calendared for a merits hearing." 8 C.F.R. § 1240.26(b)(1)(i)(A). An alien is eligible for voluntary departure at the completion of the removal proceedings if he has established, *inter alia*, "by clear and convincing evidence that [he] has the means to depart the United States and intends to do so." INA § 240B(b)(1), 8 U.S.C. § 1229c(b)(1)(D). Furthermore, "permission to depart voluntarily under [INA § 240B(b)] shall not be valid for a period exceeding 60 days." INA § 240B(b)(2), 8 U.S.C. § 1229c(b)(2).

To the extent that the IJ made a factual determination that Javaid did not qualify for voluntary departure based on his inability to establish that he had the means to depart within 60 days, we may not review it. *See generally Gonzalez-Oropeza*, 321 F.3d at 1332. However, we are able to address whether the IJ applied the correct statutory section and, thus, allowed Javaid the correct number of days to acquire the money for departure because that is a question of law. *Id.* In any event, we uphold the IJ's determination to deny Javaid's request for voluntary departure because Javaid did not request a voluntary departure until

11

after the master calendar hearing, which means that the IJ correctly allowed him only 60 days to accumulate the money and depart the United States. INA §§ 240B(b)(1), 240B(b)(2), 8 U.S.C. §§ 1229c(b)(1), 1229c(b)(2), 8 C.F.R. § 1240.26(b)(1)(i)(A). Javaid's argument that he should have been given 120 days to voluntarily depart is based on his incorrect interpretation that his case falls under the auspices of INA § 240B(a) and 8 U.S.C. § 1229c(a), which allows a petitioner 120 days only if he requests voluntary departure prior to or at the master calendar hearing. INA §§ 240B(a)(1), 240B(a)(2)(A), 8 U.S.C. §§ 1229c(a)(1), 1229c(a)(2)(A), 8 C.F.R. § 1240.26(b)(1)(i)(A).

For the above stated reasons, we dismiss the petition in part and deny the petition in part.

**DISMISSED IN PART, DENIED IN PART.**

12