[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
July 15, 2005
THOMAS K. KAHN
CLERK

_____

No. 04-16631
Non-Argument Calendar

_____

Agency Docket No. A76-894-636

LADISLAO ORTEGA,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review from a Decision
of the Board of Immigration Appeals

_____

Before HULL, WILSON and PRYOR, Circuit Judges.

ORDER:

This appeal presents an issue of first impression: whether we have

jurisdiction to review an order of the Board of Immigration Appeals that

determined the status of an alien under section 202 of the Nicaraguan and Central American Relief Act of 1997 (NACARA), Pub. L. No. 105-100, 111 Stat. 2193. Because the clear language of section 202(f) restricts our jurisdiction, we dismiss the appeal for lack of jurisdiction.

## I. BACKGROUND

On July 9, 1998, Ladislao Ortega, a citizen of Nicaragua, filed an application to adjust his status under NACARA. In his application, he stated that he entered the United States without inspection on April 20, 1995. On April 13, 2001, the Immigration and Naturalization Service served Ortega with a Notice to Appear (NTA) and alleged that Ortega entered the United States at an unknown place on an unknown date. On June 6, 2001, the NTA was amended to allege that Ortega entered the United States on April 20, 1995. Ortega admitted the allegations in the NTA, as amended, and conceded removability. On December 9, 2002, however, the NTA was again amended to allege that Ortega entered the United States on an unknown date. Ortega denied the amended allegation.

At the conclusion of the adjustment of status hearing, the IJ found that Ortega's physical presence in the United States had commenced before December 1, 1995, and granted his adjustment of status application under NACARA. The IJ relied on Ortega's testimony and several documents filed by Ortega, including an

2

airline boarding pass, money wire transfers, affidavits, and rental receipts. The INS appealed the decision of the IJ to the BIA, and the INS argued that the IJ erred because Ortega had failed to establish the commencement of his physical presence in the United States on or before December 1, 1995, as well as his continuous physical presence. The BIA vacated the decision of the IJ and ordered Ortega removed from the United States. Ortega now petitions for our review.

## II. DISCUSSION

Ortega complains that the BIA should have affirmed the IJ based on the secondary evidence that he presented, but before we can consider his argument, we must determine whether we have jurisdiction. `We review subject matter jurisdiction de novo. Brooks v. Ashcroft, 283 F.3d 1268, 1272 (11th Cir. 2002). When our review is limited by statutory conditions, we only "retain jurisdiction to determine the underlying jurisdictional facts at issue." Resendiz-Alcaraz v. Ashcroft, 383 F.3d 1262, 1266 (11th Cir. 2004).

Section 202 of NACARA allows Nicaraguans and Cubans who have been physically present in the United States for a continuous period beginning on December 1, 1995, to adjust their status, as long as they are otherwise admissible. A decision by the Attorney General regarding whether an alien established that his status should be adjusted under NACARA is not reviewable by any court. See

3

NACARA § 202(f). Although courts ordinarily do not infer congressional intent to restrict their jurisdiction, section 202(f) clearly shows that Congress intended to foreclose judicial review. See Fahim v. U.S. Atty. Gen., 278 F.3d 1216, 1217 (11th Cir. 2002). Section 202(f) unequivocally states that "[a] determination by the Attorney General as to whether the status of any alien should be adjusted under this section is final and shall not be subject to review by any court." NACARA § 202(f).

Although there is a presumption favoring judicial review, the presumption may be overcome by specific statutory language precluding that review. Block v. Community Nutrition Inst., 467 U.S. 340, 349, 104 S. Ct. 2450, 2456-57 (1984). The unequivocal language of section 202(f) overcomes the presumption of judicial review. We lack jurisdiction to review the decision of the BIA.

**PETITION DISMISSED.**