**[DO NOT PUBLISH]**

# IN THE UNITED STATES COURT OF APPEALS

## FOR THE ELEVENTH CIRCUIT

_____

**No. 05-13294**
**Non-Argument Calendar**

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 7, 2005
THOMAS K. KAHN
CLERK

BIA No. A78-410-523

NELSON JAVIER VARGAS,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

**Petition for Review of an Order of the**
**Board of Immigration Appeals**

_____

**(December 7, 2005)**

Before ANDERSON, BIRCH and DUBINA, Circuit Judges.

PER CURIAM:

Nelson Javier Vargas petitions, through counsel, for review of the Board of

Immigration Appeals's ("BIA") affirmation of the Immigration Judge's ("IJ") orders which held first, that Vargas's asylum claim was untimely under INA § 208(a)(2)(B), 8 U.S.C. § 1158(a)(2)(B), and that he presented no extraordinary circumstances excusing the untimely filing as required by INA § 208(a)(2)(D), 8 U.S.C. § 1158(a)(2)(D), and second, that he had failed to establish eligibility for withholding of removal under INA § 241(b)(3), 8 U.S.C. § 1231(b)(3), and 8 C.F.R. § 208.16(b)(1)(iii) and (b)(2). Vargas argues that he was persecuted by the Fuerzas Armadas Revolucionarias de Colombia ("FARC") guerillas in Colombia because they considered him disloyal to the revolution due to his work for his father assisting poor people in buying homes and land. To support his claim of persecution, Vargas states that his father was briefly kidnaped, his father's business partner was murdered, and Vargas received four threatening letters from the FARC telling him that they considered him and his family "military objectives."

On appeal, Vargas argues that individuals fleeing from persecution should have more than one year to decide to file for asylum. In response, the government argues that we do not have jurisdiction to review the Attorney General's discretionary decision that Vargas failed to demonstrate extraordinary circumstances that would excuse his untimely filing.

"We review subject-matter jurisdiction *de novo*." *Ortega v. U.S. Atty. Gen.*, 416 F.3d 1348, 1350 (11th Cir. 2005) (citing *Brooks v. Ashcroft*, 283 F.3d 1268,

2

1272 (11th Cir. 2002)). An alien can apply for asylum[1] if he "demonstrates by clear and convincing evidence that the application has been filed within 1 year after the date of the alien's arrival in the United States." INA § 208(a)(2)(B), 8 U.S.C. § 1158(a)(2)(B). The Attorney General can accept an otherwise untimely application if the alien demonstrates either 1) "the existence of changed circumstances which materially affect the applicant's eligibility for asylum," or 2) "extraordinary circumstances relating to the delay in filing an application within the period specified . . . ." INA § 208(a)(2)(D), 8 U.S.C. § 1158(a)(2)(D). This decision is entirely up to the Attorney General, however, as "[n]o court shall have jurisdiction to review any determination of the Attorney General [under section 208(a)(2)(D)]." INA § 208(a)(3), 8 U.S.C. § 1158(a)(3). We have held that this provision "divests our Court of jurisdiction to review a decision regarding whether an alien complied with the one-year time limit or established extraordinary circumstances that would excuse his untimely filing." *Mendoza v. U.S. Atty. Gen.*, 327 F.3d 1283, 1287 (11th Cir. 2003). Further, we recently held that the recently enacted REAL ID Act does not change this conclusion. *See Botero v. U.S. Atty.*

---

[1]An alien may be granted asylum if he is a "refugee," defined as "any person who is outside any country of such person's nationality . . . and who is unable or unwilling to return to, and is unable or unwilling to avail himself or herself of the protection of, that country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion . . . ." INA § 101(a)(42)(A), 8 U.S.C. § 1101(a)(42)(A).

*Gen.*, No. 04-16422 at 7-8 (11th Cir. October 6, 2005) (holding that the REAL ID Act, Pub. L. No. 109-13, 119 Stat. 231 (2005), did not change our existing precedent on this point).

Vargas admitted that he filed his application for asylum late, and both the IJ and the BIA determined that no special circumstances existed to except him from that requirement. We lack jurisdiction to review this decision. Accordingly, we dismiss for lack of jurisdiction that much of the petition that addresses the timeliness of Vargas's asylum petition or the circumstances that Vargas argues excuses the untimely filing.

Vargas also argues that the BIA erred in finding that he failed to meet his burden of establishing that it is more likely than not that he will be persecuted upon return to Colombia. Vargas argues that, in addition to the three threatening letters from the FARC that he received while still in Colombia, he received the final threatening letter long after the triggering events, and yet it still indicated that he was considered a military objective by the guerillas. In addition, Vargas argues that the police complaint that he filed against the FARC makes him an even more important target for them.

When the BIA issues a decision, we review only that decision, "except to the extent that [the BIA] expressly adopts the IJ's decision." *Nreka v. U.S. Atty. Gen.*, 408 F.3d 1361, 1368 (11th Cir. 2005) (citing *Al Najjar v. Ashcroft*, 257 F.3d 1262,

4

1284 (11th Cir. 2001)). In this case, the BIA both expressly adopted the IJ's decision and made its own additional observations, so we will review both. "To the extent that the BIA's decision was based on a legal determination, review is *de novo*." *Id.* (citing *Mohammed v. Ashcroft*, 261 F.3d 1244, 1247-48 (11th Cir. 2001)). We review the IJ and BIA's factual determinations under the substantial evidence test, and we must "'affirm the [IJ and BIA's] decision if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole.'" *Forgue v. U.S. Atty. Gen.*, 401 F.3d 1282, 1286 (11th Cir. 2005) (quoting *Al Najjar*, 257 F.3d at 1284 (citation omitted)). Furthermore, under this standard we must "view the record evidence in the light most favorable to the agency's decision and draw all reasonable inferences in favor of that decision." *Adefemi v. Ashcroft*, 386 F.3d 1022, 1027 (11th Cir. 2004) (*en banc*), *cert. denied*, 125 S. Ct. 2245 (2005). To reverse the BIA's decision, we must conclude that the record not only supports such a conclusion, but compels it. *Id.*

In a withholding of removal claim, an alien will not be removed to a country if his "life or freedom would be threatened in that country because of his race, religion, nationality, membership in a particular social group, or political opinion." INA § 241(b)(3), 8 U.S.C. § 1231(b)(3). The alien has the burden to establish that he would face persecution on account of one of the five enumerated grounds upon

5

return to the proposed country of removal. *Antipova v. U.S. Attorney Gen.*, 392 F.3d 1259, 1264 (11th Cir. 2004); 8 C.F.R. § 208.16(b).

A showing of past persecution creates a rebuttable presumption that an alien's "life or freedom" would again be threatened upon removal to the proposed country. *Antipova*, 392 F.3d at 1264. Where the alien has not actually suffered past persecution, he bears the burden of establishing that it is "more likely than not" that he would suffer persecution upon removal. *Id.*; 8 C.F.R. § 208.16(b)(1)(iii) and (b)(2). "An alien cannot demonstrate that he more-likely-than-not would be persecuted on a protected ground if the IJ finds that the alien could avoid a future threat by relocating to another part of his country." *Mendoza*, 327 F.3d at 1287; 8 C.F.R. § 208.16(b)(2).

"'[P]ersecution' is an 'extreme concept,' requiring 'more than a few isolated incidents of verbal harassment or intimidation,' and . . . '[m]ere harassment does not amount to persecution.'" *Sepulveda v. U.S. Atty. Gen.*, 401 F.3d 1226, 1231 (11th Cir. 2005) (citations omitted). "Not all exceptional treatment is persecution." *Gonzalez v. Reno*, 212 F.3d 1338, 1355 (11th Cir. 2000). In addition, "[t]o qualify for withholding of removal based on persecution by a guerilla group on account of a political opinion, [Vargas] must establish that the guerillas persecuted [him] or will seek to persecute [him] in the future *because of* [his] actual or imputed political opinion. . . . It is not enough to show that [he] was or will be persecuted

6

or tortured due to [his] refusal to cooperate with the guerillas." *Sanchez v. U.S. Atty. Gen.*, 392 F.3d 434, 438 (11th Cir. 2004) (emphasis in the original). *See INS v. Elias-Zacarias*, 502 U.S. 478, 483, 112 S. Ct. 812, 816, 117 L. Ed. 2d 38 (1992) (holding that an asylum applicant may not show merely that he has a political opinion, but must show that he was persecuted because of that opinion).

We note that the IJ did not specifically find Vargas credible or not credible and that therefore we will presume that credibility was not a dispositive issue. *See Yang v. U.S. Atty. Gen.*, 418 F.3d 1198, 1201 (11th Cir. 2005) (lack of credibility finding left the Court "in the dark").

The record in this case does not show circumstances so "extreme" as to compel a finding of past persecution. Vargas's father was harassed and kidnaped, and a business associate was harassed and murdered, but Vargas himself has only received four threatening letters. Further, it is not even clear that Vargas actually was being persecuted for his political opinion, rather than his family's collective refusal to cooperate with the FARC, which is insufficient to support the charge of persecution.

In addition, there is nothing to compel us to overturn the IJ's and BIA's determinations that Vargas has failed to demonstrate that he will more likely than not face persecution if he returns. Vargas's family has lived safely in Bogota since 1999. This is strong evidence that Vargas will be able to relocate and avoid the

7

FARC.  This makes it impossible for Vargas to claim that he will more likely than not face persecution.  Accordingly, we deny Vargas's petition for withholding of removal.

**PETITION DISMISSED in part; DENIED in part.**