[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
February 14, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-14218
Non-Argument Calendar
_____

Agency No. A41-640-175

MARTIN CARDENAS-AGUILAR,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(February 14, 2006)**

Before DUBINA, CARNES and PRYOR, Circuit Judges.

PER CURIAM:

Petitioner Martin Cardenas-Aguilar, through counsel, petitions for review of

the decision of the Board of Immigration Appeals ("BIA") denying his motion to reconsider its removal order, 8 C.F.R. § 1003.2(b). Cardenas-Aguilar argues that the BIA's denial of his motion to reconsider was contrary to law. He contends that the BIA's previous determination of removability relied on incorrect caselaw and ignored precedent. The government argues that this court does not have jurisdiction to hear Cardenas-Aguilar's petition.

## I.

We review our subject-matter jurisdiction *de novo*. *Ortega v. U.S. Att'y Gen.*, 416 F.3d 1348, 1350 (11th Cir. 2005).

A petition for review must be filed within "30 days after the date of the final order of removal." 8 U.S.C. § 1252(b)(1), as amended by the REAL ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 231 (2005). A motion to reconsider does not toll this 30-day period. *See Stone v. INS.,* 514 U.S. 386, 405-06, 115 S. Ct. 1537, 1549, 131 L. Ed. 2d 465 (1995) (holding that the statutory time limit for filing a direct petition for review in an immigration case is "mandatory and jurisdictional" and not subject to tolling).

Cardenas-Aguilar's petition for review is timely only as to the BIA's denial of his motion to reconsider, and not the BIA's order dismissing his appeal and agreeing with the Immigration Judge's ("IJ") determination of removability. His

2

arguments on appeal mirror his arguments in his original brief before the BIA. As such, his arguments attacking the IJ's original removal determination are not properly before us, and we dismiss his petition in this regard. Nevertheless, we have jurisdiction to consider whether the district court abused its discretion in denying Cardenas-Aguilar's motion to reconsider because the petition for review is timely as to that order.

## II.

We review the BIA's denial of a motion to reconsider for an abuse of discretion. *Assa'ad v. U.S. Att'y Gen.*, 332 F.3d 1321, 1341 (11th Cir. 2003). Our review of the denial of discretionary relief in deportation proceedings is limited to determining "whether there has been an exercise of administrative discretion and whether the matter of exercise has been arbitrary or capricious." *Garcia-Mir v. Smith*, 766 F.2d 1478, 1490 (11th Cir. 1985) (quotation omitted). When the BIA has properly affirmed an IJ's order, denial of an alien's motion for reconsideration is also appropriate. *Assa'ad*, 332 F.3d at 1340-41.

"The decision to grant or deny a motion to . . . reconsider is within the discretion of the Board . . . ." 8 C.F.R. § 1003.2(a). Motions to reconsider are disfavored in removal proceedings. *See INS. v. Doherty*, 502 U.S. 314, 323, 112 S. Ct. 719, 724-25, 116 L. Ed. 2d 823 (1992) (discussing motions to reopen and

3

explaining that such motions are disfavored because "as a general matter, every delay works to the advantage of the deportable alien who wishes merely to remain in the United States"). A motion to reconsider "shall specify the errors of law or fact in the previous order and shall be supported by pertinent authority." INA § 240(c)(5)(C), 8 U.S.C. § 1229a(c)(5)(C); *see also* 8 C.F.R. § 1003.2(b)(1) (same).

In this case, we conclude from the record that the BIA correctly found that Cardenas-Aguilar's motion to reconsider failed to specify any error of law or fact in the BIA's prior decision, and merely reiterated arguments of his direct appeal. In his motion for reconsideration, Cardenas-Aguilar explicitly asked the BIA to reconsider the arguments he made in his original brief. He never mentioned any specific error of law or fact in the BIA's previous order. While he argued that the cases the BIA cited were distinguishable from his case, he did not argue that the BIA applied the wrong law, but simply asserted that he did not agree with the BIA's application of the law. The BIA's order affirming the IJ's removal order is also not contrary to law because Cardenas-Aguilar was found removable for a firearm conviction, a finding which he did not challenge, and his simple assault conviction constituted a crime of violence, and thus an aggravated felony, under 18 U.S.C. § 16(a).

Since Cardenas-Aguilar did not comply with the reconsideration procedure,

the BIA's exercise of discretion in denying Cardenas-Aguilar's motion to reconsider was not arbitrary or capricious or otherwise an abuse. Accordingly, we deny the petition for review.

**PETITION DISMISSED IN PART; DENIED IN PART.**