[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 7, 2006
THOMAS K. KAHN
CLERK

No. 06-11540
Non-Argument Calendar

_____

BIA No. A97-636-057

EDSON ORLANDO RODRIGUEZ-LOPEZ,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(September 7, 2006)**

Before DUBINA, HULL and WILSON, Circuit Judges.

PER CURIAM:

Edson Orlando Rodriguez-Lopez, a native and citizen of Venezuela,

petitions for review of the Board of Immigration Appeals's ("BIA") order denying his motion to reconsider the BIA's earlier decision affirming the Immigration Judge's denial of Rodriguez-Lopez's application for asylum and withholding of removal under the Immigration and Nationality Act ("INA"), and relief under the Convention Against Torture ("CAT").[1] On appeal, Rodriguez-Lopez argues that the BIA erred in denying his motion to reconsider because: (1) the BIA failed to use "its own independent judgment"; (2) the IJ erred in finding that Rodriguez-Lopez was not a refugee and had failed to demonstrate past persecution or a well-founded fear of future persecution; and (3) with respect to Rodriguez-Lopez's claim for withholding of removal, the record contains clear and convincing evidence that he was persecuted by a political party in Venezuela, the Fifth Republic Movement, and that relocation within Venezuela was not a possibility.

For the most part, these arguments are directed at the merits of the IJ's original removal determination and mirror the arguments raised by Rodriguez-Lopez in his initial appeal to the BIA. The petition for review before us, however, is timely only as to the BIA's February 7, 2006, denial of Rodriguez-Lopez's motion to reconsider, not the BIA's November 16, 2005, order affirming the

---

[1] In his brief, Rodriguez-Lopez refers to his December 15, 2005, motion to the BIA as a motion to reopen, not just a motion to reconsider. Before the BIA, however, Rodriguez-Lopez entitled his motion only as a motion to reconsider. Likewise, the BIA referred to Rodriguez-Lopez's motion solely as a motion to reconsider. For purposes of this appeal then, we too construe Rodriguez-Lopez's motion solely as a motion to reconsider.

decision of the IJ and dismissing Rodriguez-Lopez's appeal. *See* 8 U.S.C.

§ 1252(b)(1) (requiring that petition for review be filed "not later than 30 days

after the date of the final order of removal"); *Dakane v. U.S. Att'y Gen.*, 399 F.3d

1269, 1272 n.3 (11th Cir. 2005) (per curiam) (recognizing that the statutory limit

on the time for filing a petition for review is not subject to equitable tolling

because it is "mandatory and jurisdictional") (quotations and citations omitted).[2]

Thus, we have jurisdiction only to review the BIA's denial of Rodriguez-Lopez's

motion to reconsider, and we dismiss his petition insofar as it can be understood to

seek review of the BIA's November 16th order affirming the decision of the IJ and

dismissing Rodriguez-Lopez's appeal. *Cf. id.* (reviewing the BIA's denial of a

motion to reopen, but not the merits of the underlying final order of removal,

because the alien did not file a timely petition for review of that order).

"We review the BIA's denial of a motion to reconsider for abuse of

discretion." *Assa'ad v. U.S. Att'y Gen.*, 332 F.3d 1321, 1341 (11th Cir. 2003).

"Our review is limited to determining whether there has been an exercise of

administrative discretion and whether the matter of exercise has been arbitrary or

capricious." *Abdi v. U.S. Att'y Gen.*, 430 F.3d 1148, 1149 (11th Cir. 2005) (per

curiam) (internal quotes and citation omitted). "A motion to reconsider shall state

_____

[2] We review issues of subject matter jurisdiction de novo. *Ortega v. U.S. Att'y Gen.*, 416 F.3d 1348, 1350 (11th Cir. 2005) (per curiam).

the reasons for the motion by specifying the errors of fact or law in the prior [BIA] decision and shall be supported by pertinent authority." 8 C.F.R. § 1003.2(b)(1); *see* 8 U.S.C. § 1229a(c)(6)(C). "When the [BIA] reconsiders it takes itself back in time and looks at the case as though a decision had never been entered. Thus, if it grants the motion, the [BIA] considers the case anew as it existed at the time of the original decision." *Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 90 (2d Cir. 2001).

Here, the BIA reviewed the record and determined that Rodriguez-Lopez did not identify in his motion to reconsider any legal or factual errors in the BIA's previous decision. Instead, the BIA explained, Rodriguez-Lopez's motion "largely attempt[ed] to reiterate arguments already made in connection with his appeal and already evaluated and rejected by [the BIA]." A motion to reconsider, the BIA stated, "is not a substitute for an appeal" and "is not to be used as an opportunity for a second effort at proving factual allegations." *See, e.g.*, *In re Guevara*, 20 I. & N. Dec. 238, 248 (BIA 1991). In the instant appeal, Rodriguez-Lopez likewise fails to identify any specific errors of fact or law that he believes the BIA failed to address in resolving his motion to reconsider.[3] Rather, he attempts to reargue his

---

[3] Although Rodriguez-Lopez states that the BIA and IJ "should have considered all relevant evidence" in analyzing his asylum claim, he does not actually explain how any specific evidence was ignored or overlooked. Nor does he address the BIA's determination that his asylum application was untimely. In any event, we lack jurisdiction to review the BIA's determination that an asylum application is untimely. *See Chacon-Botero v. U.S. Att'y Gen.*, 427 F.3d 954, 957 (11th Cir. 2005) (per curiam).

claims for asylum and withholding of removal on the merits. As for Rodriguez-Lopez's assertion that the BIA failed to use "its own independent judgment," this too is unpersuasive because Rodriguez-Lopez fails to support it with any substantial argument or authority. *See Zafar v. U.S. Att'y Gen.*, 11th Cir. 2006, __ F.3d __, (No. 04-16613, Aug. 24, 2006) (rejecting equal protection argument unsupported by any case law or citations to the record). Accordingly, we find no abuse of discretion in the BIA's order denying Rodriguez-Lopez's motion to reconsider.

**PETITION DISMISSED IN PART AND DENIED IN PART.**