[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCT 24, 2006
THOMAS K. KAHN
CLERK

No. 06-12957
Non-Argument Calendar
_____

Agency Nos. A96-104-816
A96-104-967

OMAR JESUS RUIZ,
AMANDA OFELIA HIDALGO,
JOHN MAURICIO RUIZ,
NAYIBI RUIZ,
PAULA ANDREA RUIZ,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(October 24, 2006)**

Before MARCUS, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

The lead petitioner, Omar Jesus Rui, and his wife, Amanda Ofelia Hidalgo, and three children, petition this Court for review of (1) the final decision of the Board of Immigration Appeals ("BIA") which adopted and affirmed the Immigration Judge's ("IJ's") denial of asylum and withholding of removal under the Immigration and Nationality Act ("INA") and relief under the United Nations Convention Against Torture ("CAT); and (2) the BIA's order denying Ruiz's motion to reopen and reconsider. On appeal, Ruiz argues that he demonstrated past persecution by the Revolutionary Armed Forces of Colombia on account of his political opinion and a well-founded fear of future persecution. Because Ruiz failed to file a timely appeal from the former order, we lack jurisdiction over his petition as to the underlying BIA order. We deny the petition as to the motion to reopen and reconsider.

We review subject matter jurisdiction de novo. Ortega v. U.S. Att'y Gen., 416 F.3d 1348, 1350 (11th Cir. 2005). By statute, an alien seeking review of a final order of the BIA must file a petition for review within 30 days of the issuance of the final order. See INA § 242(b)(1); 8 U.S.C. § 1252(b)(1). Moreover, an order of removal becomes final upon the BIA's dismissal of an appeal. See 8 C.F.R. § 1241.1(a). "Since the statutory limit for filing a petition for review in an immigration proceeding is 'mandatory and jurisdictional,' it is not subject to

equitable tolling." Dakane v. U.S. Att'y Gen., 399 F.3d 1269, 1272 n.3 (11th Cir. 2005) (quoting Stone v. INS, 514 U.S. 386, 405 (1995)). And the finality of a removal order is not affected by the filing of a motion to reconsider. Stone, 514 U.S. at 405.

On February 28, 2006, the BIA entered its final order of removal. Ruiz did not file his petition for review until May 24, 2006, which was well after expiration of the 30-day time period. Ruiz's intervening motion for reconsideration did not toll the deadline for filing a petition for review with this Court. Id. Therefore, his petition was not timely, and we lack jurisdiction to address the merits of the IJ's decision denying asylum and withholding of removal. Accordingly, we dismiss the petition, in part, for lack of jurisdiction to the extent that Ruiz seeks review of the BIA's final order of removal.

Ruiz's notice of appeal was timely as to the BIA's order denying Ruiz's motion to reopen and reconsider. Accordingly, we have jurisdiction to review that order. Our review is for abuse of discretion. Mohammed Salim Ali v. U.S. Att'y Gen., 443 F.3d 804, 808 (11th Cir. 2006) (motion to reopen); Assa'ad v. U.S. Att'y Gen., 332 F.3d 1321, 1341 (11th Cir. 2003) (motion to reconsider). "We employ a very deferential abuse of discretion standard in reviewing the BIA's decision on a motion to reopen regardless of the underlying basis of the alien's request for

relief." Al Najjar v. Ashcroft, 257 F.3d 1262, 1302 (11th Cir. 2001) (internal quotation marks omitted). "Our review is limited to determining whether there has been an exercise of administrative discretion and whether the matter of exercise has been arbitrary or capricious." Ali, 443 F.3d at 808 (internal quotation omitted). Motions to reconsider and reopen are disfavored in removal proceedings. INS v. Doherty, 502 U.S. 314, 323 (1992).

"A motion to reconsider shall state the reasons for the motion by specifying the errors of fact or law in the prior Board decision and shall be supported by pertinent authority." INA § 240(c)(6)(C), 8 U.S.C. § 1229a(c)(6)(C); 8 C.F.R. § 1003.2(b)(1). A motion to reopen shall state "new facts" that would be proven at a new hearing but "shall not be granted unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing . . . ." 8 C.F.R. § 1003.2(c)(1); see also INA § 240(c)(7)(B), 8 U.S.C. § 1229a(c)(7)(B).

Here, Ruiz did not present evidence or argument that the BIA committed an error of law or fact in denying his asylum petition. See 8 C.F.R. § 1003.2(b)(1). Instead, Ruiz chose to reargue the merits of his already-rejected claims. Moreover, he did not present new evidence that warranted reopening the proceedings. Although Ruiz presented new evidence that provided further support for his

4

credibility, in the IJ's order denying relief, which was adopted by the BIA, the IJ assumed Ruiz's testimony was credible but nevertheless found that Ruiz had not established persecution on account of his political opinion. Simply put, the new evidence did not state "new facts" that had not already been considered by the BIA and IJ. See 8 C.F.R. § 1003.2(c)(1). On this record, we can discern no abuse of discretion in the BIA's order denying Ruiz's motion to reopen or to reconsider.

After thorough review of the record and careful consideration of the parties' briefs, we dismiss the petition as to the BIA's final order of removal and deny the petition as to the denial of Ruiz's motion to reopen or reconsider.

**PETITION DISMISSED IN PART, DENIED IN PART.**