[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 5, 2007
THOMAS K. KAHN
CLERK

No. 06-12750
Non-Argument Calendar
_____

BIA No. A79-512-708

JOSE ASARIAS ESCOBAR-LOAIZA,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

**(January 5, 2007)**

Before ANDERSON, BARKETT and MARCUS, Circuit Judges.

PER CURIAM:

Jose Asarias Escobar-Loaiza, a native and citizen of Colombia, timely petitions this Court to review the decision of the Board of Immigration Appeals ("BIA") denying his motion to reopen his appeal from the denial of his application

for adjustment of status under the Cuban Refugee Adjustment Act ("CRAA"), Pub. L. No. 89-732, 80 Stat. 1161 (1966). Although Escobar-Loaiza also raises issues concerning the proceedings before the immigration judge ("IJ"), as we discuss further below, we must dismiss the petition insofar as it concerns the underlying proceedings because Escobar-Loaiza's petition for review was timely only as to the BIA's denial of his motion to reopen. Accordingly, we deny the petition in part and dismiss it in part.

We review our own subject-matter jurisdiction de novo. Ortega v. U.S. Att'y Gen., 416 F.3d 1348, 1350 (11th Cir. 2005) (citing Brooks v. Ashcroft, 283 F.3d 1268, 1272 (11th Cir. 2002)). An alien seeking review of a BIA decision must file a petition for review within 30 days of the BIA's final order of removal. See INA § 242(b)(1), 8 U.S.C. § 1252(b)(1). A petition for review is considered to be filed when it is received by the clerk of the Court. Fed. R. App. P. 25(a)(2)(A).

"[T]he filing of a motion to reopen or a motion to reconsider shall not stay the execution of any decision made in the case." 8 C.F.R. § 1003.2(f). The Supreme Court has ruled that the filing of a motion with the BIA does not affect the finality of the order and "does not toll the time to petition for review." Stone v. INS, 514 U.S. 386, 394-95 (1995); see also Dakane v. U.S. Att'y Gen., 399 F.3d 1269, 1272 n.3 (11th Cir. 2005) ("[s]ince the statutory limit for filing a petition for review in an immigration proceeding is 'mandatory and jurisdictional,' it is not

2

subject to equitable tolling."). Thus, a motion to reopen filed with the BIA does not suspend the finality of the underlying BIA order and does not toll the review period. Dakane, 399 F.3d at 1272 n.3.

Here, the BIA's final order of removal was issued on February 6, 2006, which was the date on which the BIA dismissed the Escobar-Loaiza's appeal from the IJ's order denying his application for asylum, withholding of removal, and CAT relief. See 8 C.F.R. § 1241.1(a) (providing that "[a]n order of removal made by the immigration judge at the conclusion of proceedings under section 240 of the Act shall become final . . . . [u]pon dismissal of an appeal by the Board of Immigration Appeals"). Although Escobar-Loaiza filed a timely motion to reopen, the filing of that motion did not toll the limitations period for filing a petition for review in this Court. See Stone, 514 U.S. at 394-95; Dakane, 399 F.3d at 1272 n.3.

Because Escobar-Loaiza did not file his petition for review until May 11, 2006, which was well after expiration of the 30-day time limit of INA § 242(a)(1), (b)(1), we lack jurisdiction to review the BIA's final order of removal affirming the IJ's underlying decision and dismissing Escobar-Loaiza's appeal. As for the BIA's denial of Escobar-Loaiza's motion to reopen -- the only order over which we have jurisdiction -- Escobar-Loiza's arguments do not address that decision and our own review reveals no abuse of discretion on the BIA's part. Accordingly, we dismiss

the petition for lack of subject-matter jurisdiction as to the denial of the motion, and deny the petition as to the denial of the motion to reopen.

**PETITION DISMISSED IN PART AND DENIED IN PART.**