[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 9, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-13045
Non-Argument Calendar

_____

BIA No. A79-512-717

ELSA E. RODAS-SEBASTIAN,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(February 9, 2007)**

Before ANDERSON, DUBINA and BARKETT, Circuit Judges.

PER CURIAM:

Elsa E. Rodas-Sebastian petitions this Court for review of: (1) the final decision of the Board of Immigration Appeals ("BIA"), denying her application for asylum and withholding of removal under the Immigration and Nationality Act ("INA") and for relief under the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment ("CAT"), 8 C.F.R. § 208.16(c); and (2) the BIA's order denying her motion to reopen. On appeal, Sebastian argues that the BIA abused its discretion by reversing the Immigration Judge's ("IJ") decision, which granted her asylum and withholding of removal.

## I. BIA Final Order of Removal

"We review subject matter jurisdiction *de novo*." *Ortega v. U.S. Att'y Gen.*, 416 F.3d 1348, 1350 (11th Cir. 2005). By statute, an alien seeking review of a final order of the BIA must file a petition for review within 30 days of the date of the final order of removal. INA § 242(b)(1); 8 U.S.C. § 1252(b)(1). An order of removal becomes final upon the dismissal of an appeal by the BIA. 8 C.F.R. § 1241.1(a). "Since the statutory limit for filing a petition for review in an immigration proceeding is 'mandatory and jurisdictional,' it is not subject to equitable tolling." *Dakane v. U.S. Att'y Gen.*, 399 F.3d 1269, 1272 n.3 (11th Cir. 2005) (quoting *Stone v. INS*, 514 U.S. 386, 405, 115 S. Ct. 1537, 1549, 131 L. Ed. 2d 465 (1995)). The finality of a removal order is not affected by the filing of a motion to reconsider. *Stone*, 514 U.S. at 405, 115 S. Ct. at 1549.

2

The BIA entered its final order of removal on September 13, 2005.

Sebastian filed her petition for review on May 26, 2006, well after the expiration of

the 30-day time period. Her intervening motion to reopen did not toll the deadline

for filing a petition for review with this Court. *See Stone*, 514 U.S. at 405, 115 S.

Ct. at 1549. Therefore, her petition was untimely, and we lack jurisdiction to

address the merits of the BIA's decision denying asylum, withholding of removal,

and CAT relief. Accordingly, to the extent that Sebastian seeks review of the

BIA's final order of removal, we dismiss the petition in part.

## II. Order Denying Motion to Reopen

Sebastian's notice of appeal was timely as to the BIA's order denying her

motion to reopen. Our review of that decision is for an abuse of discretion. *Ali v.*

*U.S. Att'y Gen.*, 443 F.3d 804, 808 (11th Cir. 2006).

A motion to reopen must be filed within 90 days of the date on which the

final decision was issued in the proceeding sought to be reopened. 8 C.F.R.

§ 1003.2(c)(2). This time period is mandatory and jurisdictional, and we have held

that the BIA's denial of an untimely motion to reopen is not an abuse of discretion.

*See Abdi v. U.S. Att'y Gen.*, 430 F.3d 1148, 1150 (11th Cir. 2005).

The BIA has the discretion to deny a motion to reopen even if the party

moving for the motion has established a *prima facie* case for relief. 8 C.F.R.

§ 1003.2(a). We have explained that 8 C.F.R. § 3.2(a), which is the predecessor to

3

8 C.F.R. § 1003.2, "reposes very broad discretion in the BIA to reopen or reconsider any motion it has rendered at any time or, on the other hand, to deny a motion to reopen." *Anin v. Reno*, 188 F.3d 1273, 1279 (11th Cir. 1999) (internal quotation omitted). The provision does not require the BIA "to reopen a deportation proceeding under any set of particular circumstances. Instead, the provision merely provides the BIA the discretion to reopen immigration proceedings as it sees fit." *Id.* "[T]he provision gives the BIA non-reviewable discretion" to deny motion to reopen. *Id.*

The BIA rendered a final decision in Sebastian's proceeding on September 13, 2005, and Sebastian filed her motion to reopen on January 17, 2006. This exceeded the 90-day time limitation of 8 C.F.R. § 1003.2(c)(2). In light of the untimely filing, we hold that the BIA did not abuse its discretion by denying her motion to reopen. *See Abdi*, 430 F.3d at 1150. Therefore, we affirm the BIA's order denying Sabastian's motion to reopen.

For the above-stated reasons, we dismiss the petition in part and deny it in part.

**PETITION DISMISSED IN PART, DENIED IN PART**

4