[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
February 25, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-12813
Non-Argument Calendar

_____

BIA No. A35-958-196

DONOVAN EARL CRAWFORD,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(February 25, 2008)**

Before BARKETT, MARCUS and PRYOR, Circuit Judges.

PER CURIAM:

Donovan Earl Crawford appeals the determination of the Board of Immigration Appeals ("BIA") that he is ineligible for adjustment of status pursuant to 8 C.F.R. § 1245.2(a)(ii). On appeal, Crawford argues that Sections 245(a) and 245(i) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1255(a), (i), permit him to adjust his status and that he meets the requirements of 8 C.F.R. § 1245.2(a)(ii) for an Immigration Judge ("IJ"), rather than the United States Citizenship and Immigration Services ("USCIS"), to consider his application for an adjustment of status. We affirm.

## REGULATORY BACKGROUND

"The status of an alien who was inspected and admitted or paroled into the United States . . . may be adjusted by the Attorney General, in his discretion and under such regulations as he may prescribe, to that of an alien lawfully admitted for permanent residence . . . ." 8 U.S.C. § 1255(a). To be eligible for adjustment of status, an applicant must meet two statutory requirements: the alien must be "eligible to receive an immigrant visa," and an immigrant visa must be "immediately available" at the time that the application for an adjustment of status is filed. 8 U.S.C. § 1255(a).

In April 2006, we invalidated 8 C.F.R. § 1245.1(c)(8), which barred arriving aliens in removal proceedings from applying for adjustments of status. Scheerer v. U.S. Att'y Gen., 445 F.3d 1311, 1319–1320 (11th Cir. 2006). We found that the

2

statute enabling the regulation was ambiguous as to whether the Attorney General could regulate the eligibility of aliens to apply for adjustments of status. Id. at 1321. The enabling statute, however, indicated that parolees, who qualify as arriving aliens, would be eligible to apply for adjustments of status. Id. We held that this intent, that aliens in removal proceedings be eligible to apply for adjustments of status, was negated by the Attorney General's regulation. Id. at 1322. Agreeing with the Third Circuit, we stated that "while the statute may be ambiguous enough to allow for some regulatory eligibility standards, it does not so totally abdicate authority to the Attorney General as to allow a regulation . . . that essentially reverses the eligibility structure set out by Congress." Id. Thus, we stated that the Attorney General's regulation was based on an impermissible construction of the governing statute because it barred almost all paroled aliens from eligibility. Id.

On May 12, 2006, the Attorney General amended 8 C.F.R. § 1245.2(a)(1)(ii) to state that in the case of an arriving alien who is placed in removal proceedings, the IJ does not have jurisdiction to adjudicate an application for adjustment of status unless:

> (A) The alien properly filed the application for adjustment of status with USCIS while the arriving alien was in the United States;

3

(B) The alien departed from and returned to the United States pursuant to the terms of a grant of advance parole to pursue the previously filed application for adjustment of status;

(C) The application for adjustment of status was denied by USCIS; and

(D) [The Department of Homeland Security] placed the arriving alien in removal proceedings either upon the arriving alien's return to the United States pursuant to the grant of advance parole or after USCIS denied the application.

8 C.F.R. § 1245.2(a)(1)(ii). We recently upheld this regulation. Scheerer v. U.S. Att'y Gen., Nos. 06-14192, 06-15971, 2008 WL 131466, at *5 (11th Cir. Jan 15, 2008) ("Scheerer II").

Further, the Attorney General's amended rule is applicable to all cases pending administrative or judicial review on or after May 12, 2006, as is the case here. Eligibility of Arriving Aliens in Removal Proceedings to Apply for Adjustment of Status and Jurisdiction to Adjudicate Applications for Adjustment of Status. 71 Fed. Reg. 27,588 (May 12, 2006); Scheerer II, 2008 WL 131466, at *2.

FACTUAL BACKGROUND

Crawford is a native and citizen of Jamaica who was at one point apparently a legal permanent resident of the United States. He abandoned that status when he returned to Jamaica in 1992 but was paroled into the United States some years later

4

to pursue an adjustment of his status pursuant to an I-130 Petition for Alien Relative filed by his first spouse, a United States citizen. Crawford claims that the I-130 petition was approved and that an immigration officer approved the adjustment of his status. He claims, however, that when he checked in on the progress of his petition, he was told that his file had been lost. At the final of several follow-up meetings, he apparently informed an immigration officer that he was no longer married to his first wife, at which point his application for an adjustment of his status was denied. He was subsequently placed in removal proceedings.

On June 9, 2003, Crawford was served with a Notice to Appear, charging him under 8 U.S.C. § 1182(a)(7)(A)(i)(I) as being an immigrant at the time of his application for admission whose visa had been issued without compliance with the provisions of Section 203 of the INA. On February 27, 2004, Crawford's daughter, a United States citizen, filed an I-130 petition on his behalf. At a hearing on April 29, 2004, Crawford denied that he was removable on the basis of the allegedly approved application for adjustment of his former wife. The Department of Homeland Security allowed Crawford to conditionally concede that he was removable, subject to a later determination that he had in fact been approved for an adjustment. On the basis of that admission, the IJ found Crawford removable.

The petition of Crawford's daughter was approved on February 11, 2005, and on May 12, 2005, Crawford filed an application to adjust his status with the USCIS. He then appeared before an IJ for a hearing on the merits of his application wherein he asked the IJ to renew his application for an adjustment of his status on the basis of the newly filed I-130 petition. An Immigration and Customs Enforcement officer argued that Crawford was not eligible to argue for an adjustment of his status because he was an arriving alien in a removal proceeding and that the I-130 petition filed by his daughter was separate from that filed by his first wife. The IJ agreed on the basis of the bar on such applications by arriving aliens which we later held invalid and which was later amended by the Attorney General. Crawford filed a notice of appeal with the BIA. On December 11, 2006, after the Attorney General amended the relevant regulation as discussed above, Crawford, not having filed an appellate brief, asked the BIA to remand his case to the IJ for consideration of his application in light of the regulatory amendment. The BIA declined to do so, concluding that Crawford did not fit within the narrow exception that had been added to the regulation that originally barred Crawford's application. He appeals from that determination.

## STANDARD OF REVIEW

When, as here, the BIA issues its own opinion without expressly adopting the IJ's decision, we review only the BIA's decision. Morales v. U.S. Att'y Gen.,

6

488 F.3d 884, 890 (11th Cir. 2007). To the extent that the BIA's decision was based on a legal determination, we review de novo. Mohammed v. Ashcroft, 261 F.3d 1244, 1247–48 (11th Cir. 2001). We review the BIA's factual determinations under the substantial-evidence test, and we "must affirm the BIA's decision if it is 'supported by reasonable, substantial, and probative evidence on the record considered as a whole.'" Al Najjar v. Ashcroft, 257 F.3d 1262, 1283–1284 (11th Cir. 2001) (quoting Lorisme v. INS, 129 F.3d 1441, 1444–45 (11th Cir. 1997)).

We review our subject matter jurisdiction de novo. Ortega v. U.S. Att'y Gen., 416 F.3d 1348, 1350 (11th Cir. 2005). Failure to raise an issue before the BIA leaves us without jurisdiction to hear the issue. Amaya-Artunduaga v. U.S. Att'y Gen., 463 F.3d 1247, 1250–1251 (11th Cir. 2006) (finding that the petitioner failed to challenge adverse credibility finding in both his notice of appeal and his brief to the BIA). "When an appellant fails to offer argument on an issue, that issue is abandoned." Sepulveda v. U.S. Att'y Gen, 401 F.3d 1226, 1228 n.2 (11th Cir. 2005). Section 242(a)(2)(B)(i) of the INA "precludes appellate review of discretionary decisions, but does not preclude review of non-discretionary legal decisions that pertain to statutory eligibility for discretionary relief." Gonzalez-Oropeza v. U.S. Att'y Gen., 321 F.3d 1331, 1332 (11th Cir. 2003). Further, we have jurisdiction to consider questions of law raised in petitions challenging removal orders. 8 U.S.C. § 1252(a)(2)(D).

7

DISCUSSION

The BIA did not err in determining that Crawford is ineligible for an adjustment of status under the Attorney General's amended regulation, 8 C.F.R. § 1245.2(a)(1)(ii). Crawford was paroled into the United States and later placed into removal proceedings in 2003 and is, therefore, an arriving alien in removal proceedings. The IJ, and thus, the BIA, do not have jurisdiction to consider Crawford's application for an adjustment of status unless he fits within the narrow exception to the Attorney General's regulation under 8 C.F.R. § 1245.2(a)(1)(ii).[1]

Crawford does not fit within the exception because he had not been paroled into the United States to pursue the application for adjustment initiated by his daughter's I-130 petition. Rather, he had been paroled in to pursue the petition for adjustment initiated by the I-130 petition filed by his former wife, which was denied when he informed an immigration officer that he was divorced.

Crawford alternatively argues that he was the recipient of an I-130 petition filed before April 30, 2001, and therefore that he should have been "grandfathered-in" under Section 245(i) of the INA, which provides a separate avenue for certain

_____

[1] In light of our affirmance of the BIA's determination that Crawford does not fit within the exception of 8 C.F.R. § 1245.2(a)(1)(ii), it appears that Crawford, in order to have his application for an adjustment properly considered, must file it with the USCIS, which "has jurisdiction to adjudicate an application for adjustment of status filed by any alien, unless the immigration judge has jurisdiction to adjudicate the application under 8 C.F.R. § 1245.2(a)(1)." 8 C.F.R. § 245.2(a)(1). It is of note, however, that Crawford has been found removable on the basis of his conditionally offered admission of removability. Presumably the appropriate authorities will stay Crawford's removal pending the USCIS's consideration of his application.

8

aliens to petition for an adjustment of status. The government responds that we lack jurisdiction to consider the argument as Crawford abandoned it by failing to raise it before the BIA. Crawford's notice of appeal to the BIA properly raises the argument. See, e.g., Amaya-Artunduaga, 463 F.3d at 1250 ("In the instant case, Amaya failed to challenge the IJ's adverse credibility determination in both his notice of appeal and brief before the BIA.") (emphasis added). Jurisdiction is therefore proper; however, the BIA did not expressly address the argument.

The Supreme Court has explained that in cases on appeal where the BIA has not addressed a particular issue that a petitioner put before it, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." INS v. Orlando Ventura, 537 U.S. 12, 16 (2002) (internal quotation marks omitted). In Calle v. U.S. Attorney General, 504 F.3d 1324, 1330 (11th Cir. 2007), we found that "rare circumstances" were present in an appeal because the issue the BIA failed to address was legal in nature and required an "objective, procedural inquiry" concerning whether the petitioner specified errors of law and supported them with pertinent authority or did not. Thus, we felt comfortable deciding an issue left unresolved by the BIA in the first instance. Id.

We feel similarly comfortable here. Although the BIA did not expressly determine whether Section 245(i) of the INA affords relief to Crawford, it did in essence decide as much. It concluded that Crawford is barred from applying to

9

adjust his status before an IJ because he is an arriving alien in removal proceedings who does not fit within a narrow exception to the bar. We see no reason why that legal bar to his application for an adjustment of status, which the BIA applied to his claim under Section 245(a) of the INA, does not also bar his application under Section 245(i), which is simply an alternative method for aliens to seek similar relief. Although Crawford treats Section 245(i) as a separate form of relief, 8 C.F.R. § 1245.2(a)(1)(ii) applies to arriving aliens in removal proceedings who attempt to apply for adjustment of status.

Finally, Crawford abandoned any argument relating to his motion to remand by failing to raise it in his initial brief. Accordingly, we deny the petition.

**PETITION DENIED**.