[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 7, 2010
JOHN P. LEY
ACTING CLERK

No. 09-11813
Non-Argument Calendar

_____

Agency Nos. A078-343-867, A078-343-868

RONALD SOZA,
MARICELA SOZA,

                                                                        Petitioners,

versus

U.S. ATTORNEY GENERAL,

                                                                        Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(January 7, 2010)

Before BARKETT, MARCUS and FAY, Circuit Judges.

PER CURIAM:

Ronald Soza, the lead petitioner, and Maricela Soza, his wife and a

derivative beneficiary on his application for relief under the Nicaraguan Adjustment and Central American Relief Act ("NACARA"), seek review of the Board of Immigration Appeal's ("BIA") order denying Soza's motion to reconsider its denial of his motion to reopen his removal proceedings.

Soza originally appealed to the BIA the Immigration Judge's ("IJ") denial of his request for relief under NACARA and for voluntary departure. The BIA affirmed the IJ's determination as to NACARA, but reversed as to voluntary departure and remanded for further proceedings. Upon remand, the IJ granted Soza voluntary departure, which he did not appeal. Nearly three years later, Soza sought to re-open his removal proceedings with the BIA, arguing that he had presented sufficient evidence to demonstrate eligibility for relief under NACARA. In its order denying Soza's motion to reopen, the BIA concluded that it lacked jurisdiction over Soza's removal proceedings because it previously had remanded his case to the IJ. Soza sought reconsideration of that decision, which the BIA denied again finding that it lacked jurisdiction and that Soza failed to show any error in its determination.

As an initial matter, we have jurisdiction to review only the BIA's order denying Soza's motion for reconsideration of the BIA's order denying his request to re-open his case. See 8 U.S.C. § 1252(b)(1); INA § 240(b)(1) (providing that a petition for judicial review must be filed within 30 days of the final order of

2

removal).  Soza never timely sought review in this Court of the BIA's prior order denying his request for relief under NACARA and its subsequent order denying his request to re-open his case before the BIA.[1]

We review the BIA's denial of a motion for reconsideration for abuse of discretion.  Scheerer v. U.S. Att'y  Gen., 513 F.3d 1244, 1252 (11th Cir.), cert. denied, 129 S. Ct. 146 (2008). An alien may file one motion for reconsideration of a decision that he is removable from the United States.  8 U.S.C. § 1229a(c)(6)(A); INA § 240(c)(6)(A).  The motion for reconsideration "shall specify the errors of law or fact in the previous order and shall be supported by pertinent authority." 8 U.S.C. § 1229a(c)(6)(C); INA § 240(c)(6)(C).

In support of his motion for reconsideration, Soza asserted that the BIA retained jurisdiction over the portion of his removal proceedings he sought to re-open (his request for adjustment of status under NACARA) and that the BIA erred when it concluded otherwise in addressing his motion to re-open.  Soza has not provided any authority in support of his claim that the BIA erred in determining

---

[1] To the extent that Soza challenges the BIA's affirmance in 2006 of the IJ's denial of his request for adjustment to legal permanent resident status under NACARA because he failed to establish the  physical presence requirement, we are without jurisdiction to address this claim. See Ortega v. U.S. Att'y. Gen., 416 F.3d 1348, 1350 (11th Cir. 2005) (holding that the "unequivocal language" of the NACARA statute precludes judicial review of the determination as to whether to adjust the status of an applicant under this statute); Frech v. U.S. Att'y. Gen., 491 F.3d 1277, 1280-81 (11th Cir. 2007) (holding that this Court retains jurisdiction to review constitutional questions arising under NACARA); see also § 1252(b)(1) (a petition for review of a final order of removal must be filed within thirty days).

that it lacks jurisdiction, which is required when filing a motion to reconsider. Instead, as the government points out, BIA precedent holds that when the BIA "remands a case to an immigration judge for further proceedings, it divests itself of jurisdiction of that case unless jurisdiction is expressly retained." Matter of Patel, 16 I. & N. Dec. 600, 601 (1978). Here, the BIA ordered that Soza's case be "remanded for further proceedings consistent with this order" and did not expressly retain jurisdiction. Furthermore, as the BIA has recently noted, upon remand an IJ "has authority to consider additional evidence if it is material, was not previously available, and could not have been discovered or presented at the former hearing and would support a motion to re-open." Matter of M-D-, 24 I. & N. 138, 141-42 (2007). Thus, because jurisdiction was properly before the IJ, Soza was required to present any new evidence that he obtained in support of his request for relief under NACARA in a motion to re-open before the IJ and not the BIA.

Accordingly, the BIA did not abuse its discretion when it denied Soza's motion for reconsideration.

**PETITION DENIED.**