[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-13865
Non-Argument Calendar
_____

Agency No. A018-481-473

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 20, 2011
JOHN LEY
CLERK

ROBERTO EDUARDO CIUDAD REAL SALDANA,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(June 20, 2011)

Before TJOFLAT, CARNES and BLACK, Circuit Judges.

PER CURIAM:

Roberto Ciudad Real Saldana, a native and citizen of El Salvador, petitions for review of the BIA's decision affirming the IJ's order denying his applications for asylum, withholding of removal, relief under the United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment (CAT),[1] and adjustment of status under the Nicaraguan Adjustment and Central American Relief Act of 1997 (NACARA). Saldana argues the BIA and IJ erred when they denied Saldana asylum and withholding of removal because the Government did not establish probable cause to believe that Saldana had engaged in a serious nonpolitical crime outside of the United States. After review, we dismiss the petition in part and deny the petition in part.[2]

---

[1] Saldana fails to argue he was eligible for CAT relief in his brief, and has thus abandoned the issue. *See Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1228 n.2 (11th Cir. 2005) ("When an appellant fails to offer argument on an issue, that issue is abandoned.").

[2] We review both the BIA's and IJ's opinions because the BIA issued its own opinion based on the IJ's reasoning. *Chen v. U.S. Att'y Gen.*, 463 F.3d 1228, 1230 (11th Cir. 2006). We review factual findings under the substantial evidence test. *Id.* at 1230-31. Under that test, we will not disturb a finding if it is "supported by reasonable, substantial, and probative evidence on the record considered as whole." *Al Najjar v. Ashcroft*, 257 F.3d 1262, 1284 (11th Cir. 2001). Additionally, "we view the record evidence in the light most favorable to the agency's decision and draw all reasonable inferences in favor of that decision." *Adefemi v. Ashcroft*, 386 F.3d 1022, 1027 (11th Cir. 2004) (*en banc*). To reverse a factual finding, we must find "the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." *Id.*

As an initial matter, we dismiss the petition in part for lack of jurisdiction. To the extent Saldana contends the denial of special rule cancellation under NACARA was erroneous, we lack jurisdiction to consider this argument because the denial was a matter of discretion. *See Ortega v. U.S. Att'y Gen.*, 416 F.3d 1348 (11th Cir. 2005) ("A decision by the Attorney General regarding whether an alien established that his status should be adjusted under NACARA [§ 202(f)] is not reviewable by any court"). Although we generally have jurisdiction to review constitutional claims and questions of law, Saldana does not have a protected liberty interest in a discretionary decision. *See Alvarez-Acosta v. U.S. Att'y Gen.*, 524 F.3d 1191, 1197 (11th Cir. 2008) (holding there is no liberty interest in a discretionary decision whether to adjust an alien's status). We also dismiss Saldana's petition to the extent he claims (1) the IJ and BIA failed to make an explicit credibility finding, and (2) the crime at issue was political in nature. We lack jurisdiction to consider these claims because Saldana failed to raise them in his appeal to the BIA. *See Alim v. Gonzales*, 446 F.3d 1239, 1253 (11th Cir. 2006) ("[W]e lack jurisdiction over claims that have not been raised before the BIA.").

An alien is ineligible for asylum or withholding of removal if the Attorney General determines "there are serious reasons to believe that the alien committed a serious nonpolitical crime outside the United States" before the alien arrived in the

United States. 8 U.S.C. §§ 1158(b)(2)(A)(iii) and 1231(b)(3)(B)(iii). Although we have yet to decide what level of proof is equivalent to "serious reasons to believe," the Second and Ninth Circuits have held the phrase requires only a finding of probable cause that the alien committed the crime. *Khouzam v. Ashcroft*, 361 F.3d 161, 165-66 (2d Cir. 2004); *McMullen v. Immigration & Naturalization Serv.*, 788 F.2d 591, 599 (9th Cir. 1986), *partially overruled on separate grounds by Barapind v. Enomoto*, 400 F.3d 744, 751 n.7 (9th Cir. 2005) (*en banc*). As both parties agree, we assume without deciding that probable cause is the correct standard.

The IJ and BIA did not err in denying Saldana's applications for asylum and withholding of removal. The Government submitted numerous documents demonstrating that the government of El Salvador took substantial steps to investigate Saldana's involvement in a kidnaping. The evidence showed that Saldana leased and rented the villa where the victim was held captive. Further, two of Saldana's associates identified his voice as one of the kidnapers, and one of the associates stated Saldana was involved in the kidnaping. Saldana was unable to refute this evidence. The IJ and BIA had more than enough "reasonably trustworthy information . . . to warrant a man of reasonable caution in the belief

4

that an offense has been . . . committed." *Brinegar v. United States*, 338 U.S. 160, 175–76 (1949). Substantial record evidence supports the IJ's and BIA's finding that Saldana was ineligible for asylum and withholding of removal.

**DISMISSED IN PART AND DENIED IN PART.**