**Napoleon DANIEL, Petitioner,**

v.

**IMMIGRATION AND
NATURALIZATION SERVICE,
Respondent.**

**No. 96–3140.**

United States Court of Appeals,
Sixth Circuit.

Submitted Jan. 28, 1998.

Decided March 17, 1998.

Steven N. Garmo, Robert A. Garmo (briefed), Ashley Mammo, Garmo & Garmo, Southfield, MI, for Petitioner.

Philemina McNeill Jones, Brenda E. Ellison (briefed), Regina Byrd (briefed), U.S. Department of Justice, Immigration Litigation, Civil Division, Washington, DC, Michael Dobson, Detroit, MI, Laura M. Friedman, Immigration and Naturalization Serv., Office of Immigration Litigation, Washington, DC, Ernesto H. Molina, Department of Justice, Office of Immigration Litigation, Washington, DC, for Respondent.

Before: GUY, NELSON, and SUHRHEINRICH, Circuit Judges.

## OPINION

PER CURIAM.

The petitioner has applied to this court for review of an order of the Board of Immigration Appeals denying an application for asylum and withholding of deportation. Concluding that the Antiterrorism and Effective Death Penalty Act has made the Board's order nonreviewable, we shall dismiss the petition for lack of jurisdiction.

### I

The petitioner, Napoleon Daniel, is a Kurdish Iraqi who came to the United States in 1978 at the age of 14. His father, Yelda Daniel, was a member of the Kurdish Partisan Party, which fought Saddam Hussein's Ba'ath Party. With the defeat of the Kurdish resistance, and several of his relatives having been killed by the Iraqi government, Yelda Daniel was fearful for his family's safety. The family left Iraq illegally and entered the United States as refugees in 1978. The older Daniels have since become United States citizens, and Napoleon Daniel maintains permanent resident status.

Napoleon Daniel was convicted on controlled substance and firearm charges in 1992, and he served an eighteen-month pris-

on term. Deportation proceedings were instituted against him subsequent to his release from prison.

Mr. Daniel conceded that his convictions established deportability, but pursuant to 8 U.S.C. § 1158(a) and 8 U.S.C. § 1253(h) he requested asylum and withholding of deportation on the basis of a fear of persecution. Evidence at the deportation hearing included (a) testimony from Yelda Daniel as to his involvement in the Kurdish resistance and his reasons for leaving Iraq; (b) testimony from Napoleon Daniel as to his reasons for believing that the Iraqi government would kill him as a spy if he were to return to his native country; and (c) an Amnesty International Report detailing Iraq's renewed persecution of the Kurds and other minority groups after the Iraqi invasion of Kuwait was repulsed in 1991.

An immigration judge found that Mr. Daniel had failed to carry his burden of proof. The Board of Immigration Appeals upheld this decision, and Daniel's petition for review was filed in this court on February 6, 1996.

## II

■ Section 440(a) of the Antiterrorism and Effective Death Penalty Act amended 8 U.S.C. § 1105a(a)(10) to provide that "any final order of deportation against an alien who is deportable by reason of having committed [a listed criminal offense including controlled substance and certain firearm offenses] ... shall not be subject to review by any court." Congress provided no specific effective date for § 440(a), so the amendment took effect on the date of enactment, April 24, 1996. *Qasguargis v. INS*, 91 F.3d 788 (6th Cir.1996), *cert. denied*, —— U.S. ——, 117 S.Ct. 1080, 137 L.Ed.2d 215 (1997). Mr. Daniel argues that because it took effect after his convictions and after the filing of his petition for review, the amendment cannot be applied to him.

■ Although the *ex post facto* clause of the Constitution does not extend to deportation proceedings, see *Galvan v. Press*, 347 U.S. 522, 531, 74 S.Ct. 737, 742–43, 98 L.Ed. 911 (1954); *Hamama v. INS*, 78 F.3d 233, 237 (6th Cir.1996), we must determine whether, given the general presumption against retroactivity, the amendment at issue here was intended to apply in this case notwithstanding the absence of any explicit Congressional direction for retroactive application.

In discussing the presumption against retroactivity, the Supreme Court has explained that an amendment enlarging or restricting jurisdiction usually applies from the effective date of the amendment regardless of whether jurisdiction lay when the action was filed. *Landgraf v. USI Film Products*, 511 U.S. 244, 274, 114 S.Ct. 1483, 1501–02, 128 L.Ed.2d 229 (1994). The application of current jurisdictional law does not have a retroactive effect, according to the Court, because "jurisdictional statutes 'speak to the power of the court rather than to the rights or obligations of the parties.'" *Id.*, quoting *Republic Nat'l Bank of Miami v. United States*, 506 U.S. 80, 100, 113 S.Ct. 554, 565, 121 L.Ed.2d 474 (1992) (Thomas, J., concurring).

■ The Seventh Circuit has decided that where an alien who had a "colorable defense to deportability" nevertheless conceded deportability in reliance on the opportunity to obtain judicial review, amended § 440(a) may not be read as withdrawing that opportunity. *Reyes–Hernandez v. INS*, 89 F.3d 490, 492–93 (7th Cir.1996). Unlike the alien in *Reyes–Hernandez*, however, Mr. Daniel had no colorable defense to deportability. Mr. Daniel was not unfairly entrapped by the amendment, in our view, and § 440(a) therefore divests this court of jurisdiction to hear his petition.

**DISMISSED.**