**Eswin Arturo GRAMAJO, Petitioner,**

v.

**Alberto GONZALES,\* Attorney General, Respondent.**

No. 02–71286.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 7, 2005.\*\*

Decided Feb. 11, 2005.

---

\* Alberto Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Eswin Arturo Gramajo, Van Nuys, CA, Susan E. Hill, Esq., Hill & Piibe, Los Angeles, CA, for Petitioner.

Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Papu Sandhu, Esq., Blair T. O'Connor, Esq., DOJ--U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: FERNANDEZ, GRABER, and GOULD, Circuit Judges.

MEMORANDUM ***

Eswin Arturo Gramajo, a native and citizen of Guatemala, petitions for review of the decision of the Board of Immigration Appeals ("BIA") summarily affirming the immigration judge's ("IJ") denial of asylum, withholding of removal, and relief under the Convention Against Torture ("CAT") and the Nicaraguan and Central American Relief Act ("NACARA"). To the extent we have jurisdiction, it is conferred by 8 U.S.C. § 1252. Where, as here, the BIA affirms without opinion, we review the IJ's decision. *See Falcon Carriche v. Ashcroft*, 350 F.3d 845, 849 (9th Cir.2003). We review the IJ's decision for substantial evidence. *Gonzalez–Hernandez v. Ashcroft*, 336 F.3d 995, 998 (9th Cir.2003). We deny in part and dismiss in part the petition for review.

■ Even if Gramajo could establish past persecution based on the beatings and threats to which he was subjected by the Guatemalan military, substantial evidence supports the IJ's determination that there has been a fundamental change in circumstances such that Gramajo no longer has a well-founded fear of future persecution by the Guatemalan authorities. *See id.* at 997; *see also* 8 C.F.R. § 1208.13(b)(1)(i)(A).

■ By failing to qualify for asylum, Gramajo necessarily failed to satisfy the more stringent standard for withholding of removal. *See Gonzalez–Hernandez*, 336 F.3d at 1001 n. 5.

■ The record also does not compel a finding that Gramajo is eligible for CAT relief because he did not show that it is "more likely than not" that he would be tortured upon return, or that the torture would be inflicted " 'at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity.' " *Kamalthas v. INS*, 251 F.3d 1279, 1282 (9th Cir.2001) (quoting 8 C.F.R. § 208.18(a)(1) (2000)).

■ We are without jurisdiction to review the IJ's determination that Gramajo failed to establish that he ever registered for ABC benefits and was therefore not eligible for NACARA relief. *See* § 309(c)(5)(C)(ii) of IIRIRA.

Gramajo's streamlining challenge is foreclosed by *Garcia–Martinez v. Ashcroft*, 371 F.3d 1066, 1078 (9th Cir.2004).

Pursuant to *Desta v. Ashcroft*, 365 F.3d 741, 750 (9th Cir.2004), petitioner's motion for stay of removal included a timely re-

---

quest for stay of voluntary departure. Because the stay of removal was continued based on the government's filing of a notice of non-opposition, the voluntary departure period was also stayed, nunc pro tunc, as of the filing of the motion for stay of removal and this stay will expire upon issuance of the mandate.

PETITION FOR REVIEW DENIED in part, DISMISSED in part.

---

\* Alberto Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the