*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206
File Name: 06a0276p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

ENRIQUE H. CIFUENTES RUIZ,

*Petitioner,*

*v.*

No. 05-4240

ALBERTO GONZALES, Attorney General,

*Respondent.*

---

On Petition for Review from a Final Order
of the Board of Immigration Appeals.
No. A72 438 772.

Submitted: July 17, 2006

Decided and Filed: August 3, 2006

Before: BOGGS, Chief Judge; COLE, Circuit Judge; ROSEN, District Judge.[*]

---

**COUNSEL**

**ON BRIEF:** Subhash Chandra, CHANDRA LAW OFFICES, Omaha, Nebraska, for Petitioner. Keith I. Bernstein, Michelle Gorden Latour, U.S. DEPARTMENT OF JUSTICE, OFFICE OF IMMIGRATION LITIGATION, Washington, D.C., for Respondent.

---

**OPINION**

---

PER CURIAM. Enrique H. Cifuentes Ruiz, through counsel, petitions the court for review of a final order of the Board of Immigration Appeals ("BIA") dismissing his appeal from a decision of an immigration judge ("IJ") denying his application for special rule suspension of deportation under the Nicaraguan Adjustment and Central American Relief Act of 1997, Pub. L. No. 105-100, 111 Stat. 2160 (1997), *as amended by* Pub. L. No. 108-139, 111 Stat. 2644 (1997). The parties have waived oral argument on appeal and, upon review, the panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).

The Immigration and Naturalization Service issued a notice to appear to Cifuentes Ruiz, a native and citizen of Guatemala, charging him with removability under the Immigration and Nationality Act § 212(a)(6)(A)(i) as an alien present in the United States without being admitted or

---

[*] The Honorable Gerald E. Rosen, United States District Judge for the Eastern District of Michigan, sitting by designation.

paroled.  Cifuentes Ruiz applied for suspension of deportation and for asylum and withholding of removal.

The government moved to pretermit Cifuentes Ruiz's application for suspension of deportation and Cifuentes Ruiz opposed the motion.  After conducting a hearing, the IJ granted the government's motion to pretermit and denied Cifuentes Ruiz asylum and withholding of removal.  Cifuentes Ruiz appealed the IJ's decision to the BIA, arguing that the IJ erred in pretermitting his application for suspension of deportation.  The BIA dismissed Cifuentes Ruiz's appeal.

Cifuentes Ruiz timely petitioned this court for review of the BIA's decision, and argues on appeal that substantial evidence does not support the BIA's conclusion that he failed to timely register for benefits under *American Baptist Churches v. Thornburgh (ABC)*, 760 F. Supp. 796 (N.D. Cal. 1991).  Pursuant to the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA") § 309, a Guatemalan national who entered the United States on or before October 1, 1990, and registered for ABC benefits on or before December 31, 1991, is eligible for special rule suspension of deportation.  IIRIRA, Pub. L. No. 104-208, § 309(c)(5)(C)(i)(I)(bb), 110 Stat. 3009-627 (1996), *amended by* Nicaraguan Adjustment and Central American Relief Act, Pub. L. 105-100, § 203(a)(1), 111 Stat. 2197 (1997).  Determinations by the Attorney General as to whether an alien satisfies the requirements of § 309(c)(5)(C)(i)(I)(bb) are "final and shall not be subject to review by any court."  IIRIRA § 309(c)(5)(C)(ii).  We have previously upheld similar unreviewability provisions in *CDI Info. Servs. v. Reno*, 278 F.3d 616 (6th Cir. 2002) and *Daniel v. INS*, 138 F.3d 1102 (6th Cir. 1998).  *See also Ortega v. U.S. Attorney Gen.*, 416 F.3d 1348, 1350 (11th Cir. 2005); *Gramajo v. Gonzales*, 128 F. App'x 16, 17 (9th Cir. 2005).  We therefore lack jurisdiction over Cifuentes Ruiz's challenge to the BIA's determination that he was ineligible for special rule suspension of deportation under IIRIRA § 309(c)(5)(C)(ii).

For the foregoing reasons, Cifuentes Ruiz's petition for review is **DISMISSED** for lack of jurisdiction.