**Isidro LEONARD–SANTANA, Petitioner,**

**v.**

UNITED STATES DEPARTMENT
OF JUSTICE, Respondent.

No. 05–6307–ag.

United States Court of Appeals,
Second Circuit.

Oct. 16, 2007.

Jorge Guttlein and Associates, New York, NY, for Petitioners.

Michael J. Garcia, United States Attorney for the Southern District of New York, Peter M. Skinner, Neil M. Corwin, Assistant United States Attorneys, of Counsel, New York, NY, for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. CHESTER J. STRAUB and Hon. ROBERT D. SACK, Circuit Judges.

### SUMMARY ORDER

Petitioner Isidro Leonard Santana, a native and citizen of the Dominican Republic, seeks review of an October 28, 2005 order of the BIA affirming the July 8, 2004 decision of Immigration Judge ("IJ") Alan Page, denying his application for asylum, cancellation of removal, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Isidro Leonard–Santana*, No. A72 793 157 (B.I.A. Oct. 28, 2005), *aff'g* Nos. A72 793 157 (Immig. Ct. N.Y. City July 8, 2004). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Where the BIA summarily affirms the decision of the IJ without issuing an opinion, see 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination. See, e.g., *Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005). This Court generally reviews the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); see, e.g., *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004), overruled in part on other grounds by *Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296 (2d Cir.2007) (en banc). Normally, we lack jurisdiction to review final orders of removal against aliens who are removable by reason of having committed an aggravated felony or a drug crime. 8 U.S.C. § 1252(a)(2)(C). However, we retain jurisdiction to review constitutional claims and questions of law. 8 U.S.C. § 1252(a)(2)(D). Questions of law and the application of law to undisputed fact are reviewed de novo. See *Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003).

■ An argument that the agency applied an erroneous legal standard raises a question of law and invokes this Court's jurisdiction. *Ilyas Khan v. Gonzales*, 495 F.3d 31, 35 (2d Cir.2007). The government contends that we lack jurisdiction to consider Santana's argument that the IJ failed to articulate and apply the correct legal standard in denying his claim for deferral of removal under the CAT. However, to the extent Santana argues that the IJ applied an erroneous legal standard, he raises a question of law over which we retain jurisdiction. *Id.*

■ Nonetheless, Santana's argument is meritless. The IJ clearly articulated the proper standard for Santana's CAT claim when he stated that the record did not contain "enough probative evidence … presented by the respondent to lead to the conclusion that it is more likely than not that he would be tortured." See *Khouzam v. Ashcroft*, 361 F.3d 161, 168 (2d Cir. 2004). Moreover, the record reveals that the IJ properly applied the correct legal standard to the facts of Santana's case. Santana argues, however, that the IJ ignored his obligation to assist in developing the record by refusing to grant a continuance so that Santana's ex-wife could testify at his hearing. See *Secaida–Rosales*, 331 F.3d at 306. However, Santana was given ample opportunity, including two continuances, to produce his ex-wife as a witness. In any event, Santana has not established that he was prejudiced, that the outcome of his proceedings was altered in any way by the IJ's refusal to grant the continuance, or that the denial of a continuance interfered with his right to full and fair hearing. *Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 104–05 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED.