**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-1144
_____

EDGAR YOBANI ORELLANA Y ORELLANA;
CANDELARIA LINARES-MARTINEZ,
                                        Petitioners
v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                        Respondent
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency Nos. A070-552-889 & A070-868-927)
Immigration Judge:  Honorable Margaret Reichenberg
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 4, 2011

Before:  SLOVITER, CHAGARES and WEIS, Circuit Judges

(Opinion filed: May 24, 2011)
_____

OPINION
_____

PER CURIAM.

        Edgar Yobani Orellana Y Orellana (Orellana) and Candelaria Linares-

Martinez (Linares) petition for review of a decision of the Board of Immigration Appeals

1

(BIA).  For the reasons below, we will deny the petition for review.

Orellana and Linares are citizens of Guatemala who entered the United States without inspection sometime in the 1990s.  On October 25, 2007, Petitioners were charged as removable for entering without inspection.  Petitioners conceded removability.  They applied for cancellation of removal pursuant to 8 U.S.C. § 1229(b)(1), and Orellana applied for special rule cancellation of removal under the Nicaraguan Adjustment and Central American Relief Act (NACARA).

After a hearing, an Immigration Judge (IJ) determined that Orellana did not present credible testimony that he registered for benefits pursuant to the settlement agreement in American Baptist Churches v. Thornburgh, 760 F. Supp. 796 (N.D. Cal. 1991) (ABC), on or before December 31, 1991.[1]  Thus, he was ineligible for special rule cancellation of removal.  Because the IJ concluded that Petitioners had failed to show that their citizen daughters would suffer exceptional and extremely unusual hardship if Petitioners were removed, she denied their applications for cancellation of removal.  The IJ ordered Petitioners removed to Guatemala.

On appeal, the BIA upheld the IJ's finding that Orellana did not timely file for ABC benefits.  The BIA also agreed with the IJ that Petitioners' citizen daughters would not face exceptional and extremely unusual hardship in Guatemala.  The BIA

---

[1]  In order to qualify for ABC benefits an alien must, inter alia, (1) be a Guatemalan national who entered the United States before October 1, 1990, and (2) have properly submitted an ABC registration form on or before December 31, 1991.  8 C.F.R § 1240.60.

dismissed the appeal, and Petitioners filed a timely petition for review.

The government correctly argues that we lack jurisdiction over Orellana's claim for special rule cancellation of removal under the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, which provides that a determination of eligibility under NACARA "shall not be subject to review by any court." See Lanuza v. Holder, 597 F.3d 970, 972 (9th Cir. 2010); Cifuentes Ruiz v. Gonzales, 455 F.3d 661 (6th Cir. 2006). However, as the government recognizes, this jurisdiction-stripping provision does not bar judicial review of constitutional claims or questions of law. See 8 U.S.C. § 1252(a)(2)(D); Lanuza, 597 F.3d at 972.

Orellana argues that the BIA erred as a matter of law and violated his rights to due process by failing to overturn the IJ's conclusions that he failed to timely file for ABC benefits and that his testimony lacked credibility. He contends that the BIA's determinations are not supported by substantial evidence. This is a challenge to the factual findings on which the BIA relied and not a legal or constitutional challenge. Thus, we lack jurisdiction over this claim. See Jarbough v. Att'y Gen., 483 F.3d 184, 190 (3d Cir. 2007) ("Recasting challenges to factual or discretionary determinations as due process or other constitutional claims is clearly insufficient to give this Court jurisdiction under § 1252(a)(2)(D).")

Orellana also argues that the BIA violated his due process rights by failing to accept the evidence submitted in support of his brief. The BIA correctly noted that, as an appellate body, it was unable to consider new evidence on appeal. Orellana did not

3

request a continuance before the IJ to submit this evidence or move before the BIA to remand the matter for the IJ to consider the new evidence. Moreover, Orellana did not show that this evidence was unavailable at the time of his hearing before the IJ. The BIA did not violate his rights to due process or commit legal error in refusing to consider new evidence on appeal.

Petitioners also challenge the denial of their applications for cancellation of removal. We have jurisdiction to review constitutional claims and questions of law but not factual or discretionary determinations related to cancellation of removal. Pareja v. Att'y Gen., 615 F.3d 180, 186 (3d Cir 2010). Petitioners argue that the finding that their citizen children would not suffer exceptional and extremely unusual hardship was legally erroneous and violated their due process rights. They contend that the BIA failed to review the entire record and ignored its own precedent. Petitioners assert that the BIA ignored reports on country conditions, their testimony as to the lack of nearby schools and health facilities, and the psychological evaluation of their daughters.

The BIA noted Petitioners' arguments that their daughters would have limited access to healthcare and education. The BIA stated that the daughters are in good health and explained that limited access to education does not satisfy the exceptional and extremely unusual hardship standard. The BIA acknowledged Petitioners' argument that the IJ failed to give weight to the psychologist's report. While noting its sympathy for the difficulties the children would face in adjusting to life in Guatemala, the BIA concluded that this also did not reach the level of exceptional and extremely unusual

4

hardship.

Petitioners argue that the BIA ignored evidence that their daughters will be forced to engage in child labor. In their brief before the BIA, Petitioners focused on the limited access to education, health services, and employment and made only a brief reference to a country report that indicated that one quarter of Guatemalan children had to work to survive. A.R. at 37. While the BIA did not explicitly refer to child labor, it did address Petitioners' arguments that the adults would have trouble finding employment and might suffer financial difficulties. It pointed to testimony indicating that Petitioners have family in Guatemala who are agricultural workers and that Orellana has such work experience. The BIA cited to precedent for the proposition that economic detriment alone is insufficient to establish exceptional and extremely unusual hardship. The BIA did not err as a matter of law or violate Petitioners' due process rights in upholding the IJ's determination that they had not shown that their daughters would suffer exceptional and extremely unusual hardship at petitioners' removal.

For the above reasons, we will deny the petition for review.