**NOT RECOMMENDED FOR PUBLICATION**
File Name: 12a0819n.06

**No. 11-3858**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**

***Jul 30, 2012***

LEONARD GREEN, Clerk

|  |  |  |
|---|---|---|
| CONSUELO OLIMPIA SOLIS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | ON PETITION FOR REVIEW |
| v. | ) | FROM THE UNITED STATES |
| | ) | BOARD OF IMMIGRATION APPEALS |
| ERIC H. HOLDER, JR., Attorney General, | ) | |
| | ) | |
| Respondent. | ) | |

Before: COOK and STRANCH, Circuit Judges; STAMP, District Judge.[*]

COOK, Circuit Judge. Consuelo Olimpia Solis ("Solis") petitions for review of the Board of Immigration Appeals' ("BIA") affirmance of an Immigration Judge's ("IJ") decision denying her application for special rule cancellation of removal under Section 203 of the Nicaraguan Adjustment and Central American Relief Act of 1997 ("NACARA"), Pub. L. No. 105-100, 111 Stat. 2160 (1997), *as amended by* Pub. L. No. 105-139, 111 Stat. 2644 (1997). Because we lack jurisdiction to review the BIA's decision, we dismiss this appeal. To the extent we have jurisdiction over questions of law raised by Solis, we deny her petition for review.

---

[*]The Honorable Frederick P. Stamp, Jr., Senior United States District Judge for the Northern District of West Virginia, sitting by designation.

I.

Solis is a native and citizen of Guatemala who entered the United States without admission or inspection in February 1990. In 2003, the government initiated removal proceedings against Solis by filing a Notice to Appear in immigration court charging her with removability as an alien living in the United States without admission or parole. *See* 8 U.S.C. § 1182(a)(6)(A)(i). Solis appeared before an IJ, admitted the factual allegations in the notice, and conceded removability. In an effort to remain in the United States, however, Solis applied for asylum, withholding of removal, protection under the Convention Against Torture ("CAT"), and special rule cancellation of removal. The IJ denied Solis's applications, and the BIA affirmed. Solis does not challenge the denial of her asylum application, withholding of removal or protection under the CAT.

Solis is eligible for special rule cancellation of removal under NACARA § 203 due to her membership in a class of Guatemalan asylum seekers who filed a lawsuit against the former Immigration and Naturalization Service (now known as the United States Citizenship and Immigration Services, or USCIS) claiming unfair adjudications of their asylum applications. *See Am. Baptist Churches v. Thornburgh*, 760 F. Supp. 796 (N.D. Cal. 1991). In settling this lawsuit, the former INS agreed to (1) abstain from deporting any class member (commonly known as an "ABC class member") until he had an opportunity to obtain the benefits of the settlement agreement, (2) provide each class member a de novo asylum interview irrespective of a prior adverse decision, and (3) provide each class member work authorization while awaiting these interviews. *See Am.*

*Baptist Churches*, 760 F. Supp. at 799–800, 804–06. The former INS delayed the implementation of the settlement for years, however, and many ABC class members' asylum claims became stale as conditions in El Salvador and Guatemala improved. *See* 145 Cong. Rec. S10944 (daily ed. Sept. 15, 1999) (statement of Sen. Durbin) ("Many victims of severe persecution came to the United States with very strong asylum cases, but unfortunately these individuals have waited so long for a hearing they will have difficulty proving their cases because they involve incidents which occurred as early as 1980.").

Before 1996, those ABC class members had an alternative recourse: they were eligible for suspension of deportation under 8 U.S.C. § 1254, which gave the Attorney General discretion to grant permanent-resident status to an alien who met certain statutory requirements. 8 U.S.C. § 1254, *repealed by* Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub. L. No. 104-208, 110 Stat. 3009 (1996) (codified as amended in scattered sections of 8 U.S.C. and 18 U.S.C.). The IIRIRA replaced suspension of deportation with a much more restrictive form of immigration relief—cancellation of removal. *See* 8 U.S.C. § 1229b. To restore the less restrictive conditions that existed prior to IIRIRA's enactment for ABC class members, Congress passed NACARA. *See generally* Suspension of Deportation and Special Rule Cancellation of Removal for Certain Nationals of Guatemala, El Salvador, and Former Soviet Bloc Countries, 64 Fed. Reg. 27,856 (May 21, 1999). NACARA § 203 amended IIRIRA, allowing ABC class members to seek relief from deportation under conditions approximating pre-IIRIRA law. *See id.* Such relief is called "special rule cancellation of removal." *Id.*

II.

NACARA's special rule cancellation of removal is, however, available only to Guatemalan ABC class members "who registered for benefits pursuant to such settlement agreement on or before December 31, 1991." IIRIRA § 309(c)(5)(C)(i)(I)(bb), Pub. L. No. 104-208, 110 Stat. 3009 (1996), *as amended by* NACARA § 203, Pub. L. No. 105-100, 111 Stat. 2160 (1997). Further, "[a] determination by the Attorney General as to whether an alien satisfies the [eligibility requirements of IIRIRA § 309(c)(5)(C)(i)] is final and shall not be subject to review by any court." *Id.* § 309(c)(5)(C)(ii). Here, because Solis challenges the BIA's affirmance of an IJ's determination that she failed to timely register for benefits of the settlement agreement, we lack jurisdiction. *See, e.g., Ruiz v. Gonzales*, 455 F.3d 661, 662 (6th Cir. 2006) (per curiam) (dismissing appeal from the BIA's affirmance of an IJ's decision that petitioner failed to timely register for benefits of the ABC settlement agreement); *Argueta v. Holder*, 617 F.3d 109, 112 n.2 (2d Cir. 2010) (per curiam) (acknowledging that the jurisdictional language in IIRIRA § 309(c)(5)(C)(ii) "make[s] unreviewable by any court a determination by the Attorney General as to whether an alien has satisfied the statutory requirements for special rule cancellation of removal"); *Lanuza v. Holder*, 597 F.3d 970, 972 (9th Cir. 2010) (per curiam) (noting that the language in IIRIRA § 309(c)(5)(C)(ii) "expressly precludes [courts] from reviewing the BIA's determination of eligibility for NACARA § 203 relief"); *Molina Jerez v. Holder*, 625 F.3d 1058, 1069 (8th Cir. 2010) (holding that the court lacked subject matter jurisdiction to review alien's eligibility for special rule cancellation of removal).

We retain jurisdiction over the BIA's decision only if Solis raises constitutional claims or questions of law. *See* 8 U.S.C. § 1252(a)(2)(D) (expressly granting courts of appeal jurisdiction to review constitutional claims or questions of law notwithstanding other provisions that limit or eliminate judicial review); *Lanuza*, 597 F.3d at 972 ("To the extent that we have jurisdiction, it is pursuant to 8 U.S.C. § 1252."). Courts consider "the nature of the argument advanced in the petition" to determine the extent of jurisdiction under 8 U.S.C. § 1252. *Molina Jerez*, 625 F.3d at 1068 (quoting *Purwantono v. Gonzales*, 498 F.3d 822, 824 (8th Cir. 2007)) (internal quotation marks omitted).

III.

Unfortunately for Solis, her argument rises or falls upon a single critical factual determination: whether she registered for ABC benefits on or before December 31, 1991. Couching her argument in terms of legal concepts, Solis argues that the BIA's decision was "manifestly contrary to the law, . . . inconsistent with the provisions of the ABC settlement agreement, subsequent court decisions, and further violates the policy memorandums issued by the asylum division of the U.S. Department of Homeland Security." She cites *Chaly-Garcia v. United States*, 508 F.3d 1201 (9th Cir. 2007), and an internal USCIS memorandum to support her position. Nonetheless, the BIA grounded its decision on a factual assessment:

> Despite [Solis's legal] argument, the respondent testified that she filed her asylum application in 1992. . . . [T]he respondent was unsure exactly which application had been filed. In fact, at the hearing, the respondent's attorney admitted

that such testimony does not demonstrate that the respondent timely registered for ABC benefits. Also, the respondent submitted an "Acknowledgement of Receipt" from the Asylum Office indicating that her request for asylum "was received for processing on 01/21/92." Further, although the respondent indicated in the statement attached to her 2004 asylum application that she applied for asylum in 1991 and obtained employment authorization in 1992, the employment authorization cards in the record are dated from 1996, 1997, 1999, and 2003.

(A.R. at 4, BIA Decision) (internal footnote and citations omitted); *see also* (A.R. at 33–34, IJ Oral Decision) ("The Court does agree with the Respondent's counsel that under the USCIS policy as instituted after the Ninth Circuit decision in *Chaly-Garcia*, that all tangible evidence and credible testimony can be considered in making a determination as to whether an individual has registered for ABC benefits."). We thus lack jurisdiction to review the BIA's decision.

Solis nevertheless contends that the BIA used an incorrect legal standard in adjudging her case. Because she completed her asylum application form before December 31, 1991, she argues, the law compelled the BIA to find that she timely registered for benefits. "An argument that the agency applied an erroneous legal standard raises a question of law and invokes [courts of appeal's] jurisdiction." *Leonard-Santana v. U.S. Dep't of Justice*, 251 F. App'x 12, 14 (2d Cir. 2007) (citing *Khan v. Gonzales*, 495 F.3d 31, 35 (2d Cir. 2007)). We note that the USCIS policy memorandum includes similar mandatory language:

Pursuant to the Ninth Circuit's findings, . . . a Guatemalan or Salvadoran national, who affirmatively *filed* an I-589 application on or after the date the court provisionally approved the Settlement Agreement and prior to the conclusion of the designated registration period, has indicated the intent to receive ABC benefits under the Settlement Agreement and therefore *should be considered "registered."*

U.S. Citizenship & Immigration Services, HQRAIO 120/9.10a, Making ABC Registration Determinations, *Chaly-Garcia v. U.S.*, 508 F.3d 1201 (9th Cir. 2007), at 2 (2008) (emphases added). Even applying the standard set forth in the USCIS memorandum, we remain unconvinced that *completing* an asylum application form equates to *filing* to qualify for the statutory benefit. An asylum seeker files his application "on the date it is received by the Service" or on the date he mails the application if the Service did not receive the application on time—provided, however, that he can "provide[] clear and convincing documentary evidence of mailing the application" within the filing deadline. 8 C.F.R. § 208.4(a)(2)(ii). Here, the government received Solis's application after December 31, 1991, and she provides no evidence of timely mailing her application. *See* (A.R. at 558, Document Listing Solis's I-589 Receipt Dated January 21, 1992 as Evidence of her Asylum Application); (A.R. at 617, Government Receipt of Solis's Asylum Application Dated January 21, 1992). Therefore, the BIA did not apply an erroneous legal standard.

IV.

For these reasons, we DISMISS this appeal. To the extent we have jurisdiction, we DENY the petition for review and VACATE the removability stay.