[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Sept. 30, 2009
THOMAS K. KAHN
CLERK

No. 09-11358
Non-Argument Calendar

_____

Agency No. A098-378-853

PIEDAD TERESA ARIAS,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(September 30, 2009)

Before TJOFLAT, EDMONDSON and KRAVITCH, Circuit Judges.

PER CURIAM:

Piedad Teresa Arias, a citizen of Venezuela and native of Columbia, petitions this court for review of the Board of Immigration Appeals' (BIA) decision denying her motion to reopen removal proceedings. Arias also asks us to consider a newly raised procedural due process claim.

## I. BACKGROUND

Arias entered the United States in 2000 and remained in the country beyond the expiration of her non-immigrant visa. In 2004, after receiving a Notice to Appear from the Department of Homeland Security charging her as removable to Venezuela, Arias applied for (1) asylum, (2) withholding of removal, and (3) relief under the Convention Against Torture (CAT). The Immigration Judge (IJ) denied her application, concluding (1) that her asylum application was time-barred and that she could return to Columbia, a safe third-country alternative; (2) that she had failed to establish a clear probability of future persecution in Venezuela; and (3) that she had failed to establish that she would likely be tortured by, or with the acquiescence of, the Venezuelan government. The BIA issued a final decision affirming the IJ's order of removal on May 30, 2008.

Following an unsuccessful motion to reconsider, Arias filed a motion to reopen her removal proceedings on the basis of worsening country conditions on November 5, 2008. The BIA found the evidence presented with the motion

insufficient to show materially changed circumstances in Venezuela and denied

Arias's motion as untimely. This petition for review followed.

## II. STANDARD OF REVIEW

"We review the BIA's denial of a motion to reopen for an abuse of

discretion. Our review is limited to determining whether there has been an

exercise of administrative discretion and whether the [manner] of exercise has been

arbitrary or capricious." *Abdi v. U.S. Att'y Gen.*, 430 F.3d 1148, 1149 (11th Cir.

2005) (citations and quotation marks omitted).

We review questions concerning our subject matter jurisdiction *de novo*.

*Ortega v. U.S. Att'y Gen.*, 416 F.3d 1348, 1350 (11th Cir. 2005).

## III. DISCUSSION

*A. Motion to Reopen*

Motions to reopen immigration proceedings must ordinarily "be filed within

90 days of the date of entry of a final administrative order of removal." 8 U.S.C.

§ 1229a(c)(7)(C)(i) (2006). That time limit does not apply, however, to motions

"based on changed country conditions arising in the . . . country to which removal

has been ordered, if such evidence is material and was not available and would not

have been discovered or presented at the previous proceeding." *Id.*

§ 1229(c)(7)(C)(ii); *accord* 8 C.F.R. § 1003.2(c)(3)(ii).

3

Although Arias filed her motion to reopen more than five months after the BIA's final decision, she argued that changed circumstances excused her from the 90-day filing requirement because "conditions in Venezuela since [her] hearing ha[d] incrementally worsened day to day." In support of the motion, Arias presented a series of news articles and new statements from her mother, two brothers, and an "ex ambassador for Venezuela." The articles detailed events and general conditions in Venezuela without reference to Arias or her specific fears of persecution. The statements described alleged persecution suffered by Arias's family in Colombia, repeated her allegations of past persecution in Venezuela, and urged the BIA to allow her to remain in the United States. As the BIA concluded, this new evidence was insufficient to establish that conditions in Venezuela had materially changed since the time of her hearing. The BIA therefore did not abuse its discretion in denying Arias's motion to reopen as untimely.

Moreover, the BIA acts within its discretion by denying a motion to reopen if the movant has "fail[ed] to introduce evidence that was material and previously unavailable." *Al Najjar v. Ashcroft*, 257 F.3d 1262, 1302 (11th Cir. 2001). Even if Arias's newly proffered evidence had established changed country conditions, it was neither material nor previously unavailable. In other words, she did not satisfy her "heavy burden" to "present[] evidence . . . that if proceedings before the [IJ] were reopened, with all attendant delays, the new evidence offered would likely

4

change the result in the case." *Ali v. U.S. Att'y Gen.*, 443 F.3d 804, 813 (11th Cir. 2006) (alterations in original) (quoting *In re Coelho*, 20 I. & N. Dec. 464, 473 (BIA 1992)).

*B. Procedural Due Process*

Arias also argues that she "did not receive due process in the underlying proceedings because she did not receive adequate representation." As a preliminary matter, we must determine whether we have subject matter jurisdiction over this new claim. We may only consider claims raised in a petition for review if the petitioner has first exhausted her administrative remedies. 8 U.S.C. § 1252(d); *Sundar v. INS*, 328 F.3d 1320, 1323 (11th Cir. 2003) ("[W]e lack jurisdiction to consider claims that have not been raised before the BIA.").

Although "[s]ome courts have indicated in dicta that . . . some due process claims do not require exhaustion, because the BIA does not have the power to adjudicate those claims," *Sundar*, 328 F.3d at 1325, we have recognized that "procedural due process claims, as well as procedural errors argued in due process terms, must be raised before the BIA," *Amaya-Artunduaga v. U.S. Att'y Gen.*, 463 F.3d 1247, 1251 (11th Cir. 2006). In this case, the BIA had the authority to adjudicate Arias's ineffective assistance claim. *See, e.g.*, *In re Compean*, 25 I. & N. Dec. 1 (BIA 2009). Consequently, she failed to exhaust her administrative remedies, and we lack jurisdiction to consider the claim.

5

## IV. CONCLUSION

The BIA did not abuse its discretion by denying Arias's motion to reopen as untimely, and we do not have jurisdiction to consider a procedural due process claim that has not been raised before the BIA. We therefore deny Arias's petition with respect to her motion to reopen and dismiss for want of jurisdiction with respect to her due process claim.

**PETITION DENIED IN PART AND DISMISSED IN PART.**